297 So.2d 848 (1974)
HILLSIDE VAN LINES, INC., Appellant,
v.
Jack MATALON and Rose Matalon, His Wife, Appellees.
No. 73-1314.
District Court of Appeal of Florida, Third District.
July 16, 1974.
Rehearing Denied August 15, 1974.
Jerome S. Reisman, Miami, for appellant.
H. Lawrence Asher, North Miami Beach, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant seeks review of an adverse final judgment in an action to recover for damages to goods of the plaintiff-appellees.
Plaintiffs, Mr. and Mrs. Jack Matalon, filed a complaint for damages wherein they alleged that they had contracted with the defendant, Hillside Van Lines, Inc., to have their furniture and belongings transferred from New York to Florida and stored in the warehouse of defendant Courtesy Transfer & Storage, Inc., and that some of their belongings were lost and others damaged in transit due to defendant Hillside's negligence. They further alleged that they filed with the defendant Courtesy Transfer & Storage, Inc., a claim schedule and were paid only $104. The cause proceeded to trial at the conclusion of which the trial judge entered judgment in the amount of $2,480 plus costs in favor of the plaintiffs and against Hillside Van Lines, Inc. Defendant appeals therefrom.
Appellant first contends that the evidence relating to the value of the damaged articles was insufficient to support the amount of damages awarded. We agree.
A person whose chattel is damaged, but not totally destroyed, is entitled to the difference between the value before and after the damage, or at his election, the reasonable cost of repair with due allowance for the difference between the original value and the value after repair and to be compensated for the loss of use. Airtech Service, Inc. v. MacDonald Construction Company, Fla.App. 1963, 150 So.2d 465.
*849 Turning to the case sub judice, the record reflects that the only evidence as to the value of the damaged articles was the testimony of the plaintiffs as to what they paid for each item. Based upon this testimony, the trial judge awarded plaintiffs $2,480. Thus, the proof adduced at trial as to value of the measure of damages was incorrect. Cf. McDonald Air Conditioning, Inc. v. John Brown, Inc., Fla.App. 1973, 285 So.2d 697.
Accordingly, the judgment herein appealed is reversed and the cause remanded for a new trial.
Reversed and remanded.