303 So.2d 33 (1974)
ALLSTATES VAN LINES CORP., Appellant,
v.
Charles LEBENSTEIN and Jan Lebenstein, His Wife, Appellees.
No. 74-246.
District Court of Appeal of Florida, Third District.
November 19, 1974.
Lazan & Trute, Bay Harbor Islands, and Marvin I. Moss, North Miami, for appellant.
Mark Casper, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant seeks review of a judgment in the sum of $3,300 plus costs *34 entered in favor of plaintiff-appellees in this action to recover damages resulting from the loss of certain items of household furniture and other personalty.
Plaintiff-appellees, Mr. and Mrs. Lebenstein, having had previous experience with the defendant-appellant, Allstates Van Lines Corporation, contacted the appellant with regards to moving and possible storage of their household furnishings and other items of personal property. Appellant's representative responded and gave appellees an estimate of charges therefor. On the day designated for the pick up, Jones Miami Beach Express arrived at the residence of appellees and moved their possessions which were placed in storage. Thereafter, when plaintiff-appellees called for the delivery of their furniture and other belongings, they discovered upon receipt thereof that certain items of furniture and personalty were missing. Thereupon, plaintiff-appellees filed suit against the defendant-appellant to recover for the lost articles. The cause proceeded to a non-jury trial at the conclusion of which the trial judge entered the herein appealed judgment for $3,300 plus costs in favor of the plaintiff-appellees.
Defendant-appellant Allstates Van Lines Corporation first contends that the trial court erred in entering judgment in favor of appellees when the only evidence presented was delivery by the appellees to Jones Miami Beach Express and not to the appellant.
After a close scrutiny of the record on appeal, we conclude that there was substantial competent evidence contained therein to support the finding of the trial judge that an agency relationship existed between the defendant-appellant and Jones Miami Beach Express and thereupon holding appellant liable for the loss sustained by the appellees. Thus, this point of appellant must fail.
Appellant secondly argues that there was insufficient testimony presented to the trial court to sustain the amount of damages awarded to the plaintiff-appellees. We find this point has merit.
An examination of the record reflects that the only evidence presented as to the value of the lost items was the testimony of the plaintiff-appellees as to the original purchase price therefor. We find this proof adduced at trial as to the value of the lost articles is inadequate and the measure of damages incorrect as the proper measure of damages for loss of personal property is its market value on the date of the loss. See McDonald Air Conditioning, Inc. v. John Brown, Inc., Fla.App. 1973, 285 So.2d 697 and Hillside Van Lines, Inc. v. Matalon, Fla.App. 1974, 297 So.2d 848.
Accordingly, the judgment herein appealed is reversed and the cause remanded for a new trial on the issue of damages.
Reversed and remanded.