331 So.2d 319 (1976)
ALLIED VAN LINES, INC., et al., Appellants,
v.
Roberta McKNAB, Appellee.
No. 74-1042.
District Court of Appeal of Florida, Second District.
April 30, 1976.
Rehearing Denied May 25, 1976.
Arnold R. Ginsberg of Horton, Perse & Ginsberg and Hawkesworth, Kay & Schmick, Miami, for appellants.
Michael R.N. McDonnell of Schryver & McDonnell, Naples, for appellee.
HOBSON, Judge.
Defendants-appellants appeal a final judgment in an action to recover damages for the loss of goods of the plaintiff-appellee.
Plaintiff filed a complaint for damages wherein she alleged that she had contracted with the defendant Allied to have her furniture and other household belongings transported from California to Naples, Florida. When the goods arrived in Naples, the plaintiff had not found a permanent place to live and the goods were stored in a warehouse of defendant Verna E. Pearman, d/b/a Fred's Moving and Storage, an agent of the defendant Allied. All the goods were destroyed by a fire while stored in the warehouse.
The first two points on appeal have been considered and we find competent, substantial evidence to support the plaintiff's position. Brannon v. Smith Dray Line & Storage Company, 6th Cir.1972, 456 F.2d 260.
The remaining point relates to the value of the destroyed personal goods. The plaintiff testified as to the original cost of the items and further related that the value of the items at the time of their destruction was greater than the original purchase price. She further testified that the total value of the goods was $35,315, which was the exact amount of the final judgment.
We find it inconceivable that household goods, some of which were 20 years old and none of which were brand new, could increase in value from their original cost. This testimony as to the value of the destroyed items is not competent, *320 substantial evidence which accords with logic and reason. In measuring plaintiff's damages, the proper measure of damages for loss of personal property is its market value on the date of the loss. Allstates Van Lines Corp. v. Lebenstein, Fla.App.3d 1974, 303 So.2d 33; Hillside Van Lines, Inc. v. Matalon, Fla.App.3d 1974, 297 So.2d 848; and McDonald Air Conditioning, Inc. v. John Brown, Inc., Fla.App.4th 1973, 285 So.2d 697.
For the foregoing reasons, the judgment is reversed and the cause remanded for a new trial on damages only.
McNULTY, C.J., and BOARDMAN, J., concur.