727 So.2d 350 (1999)
William PERSINGER and Phyllis Persinger, Appellants,
v.
ESTATE OF Phillip T. TIBBETTS, Deceased, Appellee.
No. 98-1419.
District Court of Appeal of Florida, Fifth District.
February 19, 1999.
Kenneth C. Crooks of Dean, Mead, Spielvogel, Goldman & Boyd, Melbourne, for Appellants.
Michael S. Minot and Daniel J. Freyberg, Cocoa, for Appellee.
DAUKSCH, J.
Appellants seek review of a judgment in a building contract dispute. The parties entered into a written contract for the construction of a house on appellants' property. During the course of the project many oral modifications were made, some very significant. While appellee produced many invoices from subcontractors which appellee asserts were paid, there is no small amount of confusion exactly how much the total construction price actually amounted to. This is because appellee made barters and partial barters with some subs and paid others in cash and otherwise caused great confusion in the process. The amount paid by appellee for the project is critical to the amount owed by appellant because this was a "cost-plus" contract. That is, all of the costs were totaled after completion of the project and the builder got a percentage of that figure as his compensation.
*351 When the job was done a certificate of occupancy was issued by the county and appellants moved in. Thereafter, they refused to make full payment to appellee because various defects were discovered and they contested the final cost figures. At trial testimony was taken, pictures and videos were shown and invoices and documents were submitted. In the end the trial judge made his decision and appellants contest that decision. Given that the testimony was directly contradictive in many instances, confusing in other instances, and often indeterminate, it is impossible for this court to say the trial judge reached the wrong decision as to the damages due appellee or set-offs due appellants. If we were to determine otherwise it would be necessary for us to either supplant our view of the facts with those of the trier-of-the-facts, which appellate courts cannot do, or allow appellant to have a second triala "second bite at the apple" which is equally improper under the law. Thus we must affirm the judgment in chief. However, because the trial judge used the wrong date in calculating the prejudgment interest, conceded by appellee, we must revise that portion of the judgment and remand for a calculation of the interest from January 10, 1996 rather than January 1, 1995.
AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP and GOSHORN, JJ., concur.