951 So.2d 978 (2007)
T.A. ENTERPRISES, INC., a foreign corporation authorized to do business in the State of Florida, Appellant,
v.
OLARTE, INC., a Florida corporation, Appellee.
Nos. 4D05-829, 4D05-3052.
District Court of Appeal of Florida, Fourth District.
March 14, 2007.
*979 Ronald P. Gossett of Gossett & Gossett, P.A., Hollywood, for appellant.
No brief filed for appellee.
TAYLOR, J.
This is the third in a series of appeals from a Florida Lemon Law claim. Because appellee, Olarte, Inc., did not prove its damages, we reverse the trial court's award of damages. Because appellee did not plead entitlement to attorney's fees, we reverse the trial court's award of fees as well.
In 2001, Olarte, Inc., filed a Lemon Law claim against the manufacturer, T.A. Enterprises, Inc., regarding a custom van. The Florida New Motor Vehicle Arbitration Board defaulted T.A. for failure to timely file a response and rendered a decision in favor of Olarte. T.A. filed a petition for trial de novo. Olarte filed a motion to dismiss the petition, which the trial court granted. T.A. then appealed the dismissal to our court. We held that the Arbitration Board erred by defaulting T.A. and that the trial court erred by granting the motion to dismiss. See T.A. Enterprises, Inc. v. Olarte, Inc., 835 So.2d 1235 (Fla. 4th DCA 2003).
On remand, the trial court referred the matter to non-binding arbitration. There, the arbitrator upheld the decision of the Arbitration Board. T.A. thereafter filed a second request for trial de novo. In February 2004, the circuit court held a trial at which evidence of the alleged defects was presented. No testimony regarding damages, however, was introduced. At the conclusion of the trial, the court stated that it was satisfied that the vehicle was a lemon. The court then entered a final judgment expressly adopting and incorporating the Arbitration Board's award.
T.A. filed a motion to reconsider on the ground that the trial court erred in entering a damages award when no evidence of "dollars and cents" had been presented at the trial de novo. With only minor modifications, the trial court affirmed its previous judgment. In the amended final judgment, the court reserved jurisdiction to determine whether and in what amount the manufacturer should pay the consumer's attorney's fees as a condition of appellate review. T.A. appealed the fees portion of the judgment to this court and we determined that conditioning appellate review on payment of fees was unconstitutional. See T.A. Enterprises, Inc. v. Olarte, Inc., 931 So.2d 1016 (Fla. 4th DCA 2006).
The trial court held a hearing on the amount of attorney's fees in July 2005. Following the hearing, the court entered a final judgment awarding Olarte's attorneys fees and costs. We now consider T.A.'s consolidated appeal of damages and the attorney's fee award.
First, we hold that the trial court erred in awarding Olarte damages because evidence of damages was never presented at the trial de novo. See Chrysler v. Pitsirelos, 721 So.2d 710, 715 (Fla.1998) (holding that, on appeal from Arbitration Board decision, consumer must present evidence of damages at trial de novo). We further hold that Olarte is not entitled to a new trial on damages. See Teca, Inc. v. WM-TAB, Inc., 726 So.2d 828 (Fla. 4th DCA 1999); see also St. Petersburg Housing Authority v. J.R. Development, 706 So.2d 1377, 1377 (Fla. 2d DCA 1998) (reversing an order granting a rehearing on damages because such a hearing "improperly allows appellee a `second bite at the apple' at proving damages").
We also reverse the trial court's award of attorney's fees to Olarte because Olarte failed to plead entitlement to such fees. In Stockman v. Downs, 573 So.2d 835, 837-38 (Fla.1991), our supreme court held: "[A] claim for attorney's fees, whether based on statute or contract, must be *980 pled. Failure to do so constitutes a waiver of the claim." Although the supreme court provided two exceptions to this rule, neither applies here. Id. at 838.
Reversed and Remanded.
WARNER and GROSS, JJ., concur.