ROTHENBERG, J.
Dennis R. Martinez (“Martinez”) appeals from the Reemployment Assistance Appeals Commission’s (“the Commission”) final order denying Martinez’s request for an increase in unemployment compensation based on unpaid minimum wages withheld by his employer, Ford Midway Mall, Inc. (“the Employer”). We note at the outset that Martinez failed to establish the amount of withheld wages he earned during each calendar quarter of his base period of employment. Martinez therefore left the appeals referee no choice but to apply the withheld wage credits to the calendar quarter in which they were paid, which was outside Martinez’s base period. Because the appeals referee properly credited the withheld wages to a calendar quarter outside Martinez’s base period, the withheld wages had no effect on the calculation of Martinez’s weekly benefits. We therefore affirm the Commission’s final order denying Martinez’s request for an increase in unemployment compensation.

BACKGROUND

On June 1, 2007, Martinez was hired as a full-time salesman at the Employer’s car dealership. Over time, Martinez became unhappy with his compensation, and resigned on November 7, 2009. Martinez thereafter filed a claim for unemployment compensation benefits on November 15, 2009, establishing a base period from July 1, 2008, through June 30, 2009. Although the Department of Economic Opportunity (“the Department”) determined that Martinez had earned sufficient wage credits to accrue a total benefit amount of $5258, it initially denied his claim after finding that he had voluntarily resigned without good cause attributable to the Employer. This denial was subsequently affirmed by the appeals referee and the Commission.
Thereafter, Martinez joined a federal class action lawsuit against the Employer for unpaid minimum and overtime wages. On July 14, 2010, Martinez and the Employer entered into a settlement approved by the federal district court, awarding Martinez $4733.87 in unpaid minimum wages. Neither the settlement agreement nor the court order approving it specified the amount of withheld wages attributable to each calendar quarter of Martinez’s base period. The Employer tendered the full amount of the award during the third calendar quarter of 2010.
On March 2, 2011, this Court reversed the Department’s denial of Martinez’s claim for benefits, holding that since the Employer’s compensation method deprived Martinez from earning the minimum wage, Martinez had good cause to resign, and that this cause was attributable to the Employer. Martinez v. Ford Midway *880 Mall, Inc., 59 So.3d 168, 174 (Fla. 3d DCA 2011). This Court remanded “with directions to the [Unemployment Appeals Commission] to award the requested benefits.” Id.
On March 25, 2011, Martinez requested that the Department, in calculating his weekly benefit amount, factor in his unpaid minimum wages because “had Ford Midway Mall, Inc. paid the legally required minimum wage, Mr. Martinez’s base wage would be higher,” and this increase would “affect the calculations of the unemployment benefits Mr. Martinez is entitled to receive.” On May 1, 2011, the Department denied Martinez’s request, and calculated his benefits without considering the withheld wages.
On May 16, 2011, this Court issued an order authorizing Martinez to seek a rede-termination of his weekly benefit amount based on the additional wages he was paid pursuant to the settlement agreement in the federal lawsuit. Under section 443.111, Florida Statutes (2009), a claimant’s weekly benefit amount is equal to “one twenty-sixth of the total wages for insured work paid during that quarter of the base period in which the total wages paid were the highest, but not less than $32 or more than $275.” (emphasis added). During the redetermination hearing[1] before the appeals referee, Martinez testified that he earned the unpaid wages “during the benefit year” established as his initial base period, but did not specify the amount of such wages he earned during each calendar quarter of his base period.
Because there was no evidence establishing the amount of withheld wages earned during each calendar quarter of the base period, the appeals referee did not, and could not, credit the wages to the calendar quarters in which they were earned:
No evidence has been presented to show the amount of the back pay award attributable to each quarter of the base period. Absent such evidence the amount of wages earned during each calendar quarter of the base period cannot be determined as required by Rule 60BB-3.016, Florida Administrative Code....
Instead, relying on former rule 60BB-3.016, Florida Administrative Code,[2] which will be addressed in the analysis below, the appeals referee assigned the withheld wages to the calendar quarter in which they were ultimately paid, which was in the third calendar quarter of 2010. Because the wages were assigned to a calendar quarter outside Martinez’s base period, the appeals referee determined they had no effect on his base wage and weekly benefit calculations, and thus denied Martinez’s request for an increase in benefits. After the appeals referee’s decision was affirmed by the Commission, Martinez filed the instant appeal.
On appeal, Martinez argues that the appeals referee erred in assigning the withheld wages to the calendar quarter in which they were paid. Instead, Martinez contends that, under the circumstances present in this case, Florida law requires that the withheld wages be applied to the base period in which they were earned. On this record, we disagree.

ANALYSIS

“The administrative construction of a statute by the agency charged with its administration is entitled to great weight.” Dep’t of Ins., Fla. v. Se. Volusia Hosp. *881 Dist., 438 So.2d 815, 820 (Fla.1983). As such, “[w]e mil not overturn an agency’s interpretation unless clearly erroneous.” Id.; see also Martinez, 59 So.3d at 171 (“On review, an appellate court cannot make credibility determinations or substitute its judgment for that of the appeals referee. ‘However, this Court can overturn a legal conclusion of the [UAC] that is clearly erroneous.’ ”) (internal citations omitted). In this case, Martinez has failed to establish clear error. As we will demonstrate below, the appeals referee’s actions were supported, and indeed mandated, by the controlling law.
The calculation of a claimant’s weekly benefit amount is governed by the equation set forth in section 443.111(3), which states:
(3) WEEKLY BENEFIT AMOUNT.— An individual’s “weekly benefit amount” is an amount equal to one twenty-sixth of the total wages for insured work paid during that quarter of the base period in which the total wages paid were the highest, but not less than $32 or more than $275. The weekly benefit amount, if not a multiple of $1, is rounded downward to the nearest full dollar amount. The maximum weekly benefit amount in effect at the time the claimant establishes an individual weekly benefit amount is the maximum benefit amount applicable throughout the claimant’s benefit year.
(emphasis added). This section makes clear that the calculation of weekly benefits is predicated on a determination of the amount of total wages paid to a claimant for insured work during each calendar quarter of the base period. Without this indispensable information, it would be impossible to determine the “quarter of the base period in which the wages paid were the highest,” or what constitutes “one twenty-sixth” of the wages for insured work paid to the claimant in that quarter.
For purposes of calculating a claimant’s weekly benefit amount, the assignment of wages to calendar quarters is governed by former rule 60BB-3.016(l)(b), which is now rule 73B-11.016(l)(b). Former rule 60BB-3.016(l)(b) states:
(b) Assignment of Wages to Calendar Quarters. Wages will generally be counted as reported by the employer. Upon request by the claimant or employer and for the purpose of determining the claimant’s weekly benefit amount and maximum available credits, wages may be assigned to the calendar quarter in which the wages were earned, but can be used in only one base period.
(emphasis added). The use of “may” indicates that the option of crediting the wages to the calendar quarter in which they were earned is permissive rather than mandatory. Indeed, the rule begins by expressly permitting the wages to be credited to the calendar quarter in which they were reported as being paid by the employer. The rule therefore equips the Department with a degree of discretion in assigning wages to calendar quarters.
As Martinez notes, this discretion is tempered by section 443.111(5)(e) in situations where a claimant’s wages are paid at irregular intervals. Section 443.111(5)(e) states:
If the remuneration of an individual is not based upon a fixed period or duration of time or if the individual’s wages are paid at irregular intervals or in a manner that does not extend regularly over the period of employment, the wages for any week or for any calendar quarter for the purpose of computing an individual’s right to employment benefits only are determined in the manner prescribed by rule. These rules, to the extent practicable, must secure results reasonably similar to those that would *882 prevail if the individual were paid her or his wages at regular intervals.
(emphasis added). Thus, where practicable, the Department must exercise its discretion in the assignment of wages to calendar quarters in such a way as to secure results reasonably similar to those that would prevail if the claimant had been paid her or his wages at regular intervals.
Applying this framework to the record in this case, the Department properly assigned the withheld wages to the calendar quarter in which they were paid. As explained above, the claimant failed to present evidence establishing the amount of withheld wages he earned during each calendar quarter of his base period. The only information available to the Department associating these wages to any calendar quarter was that the withheld wages were paid to Martinez during the third calendar quarter of 2010. Thus, the Department was well within its discretion to assign the withheld wages to the calendar quarter in which they were reported as being paid. In fact, in this case, it had no choice but to do so.
Martinez argues, and the dissent agrees, that because Martinez’s withheld wages were paid at an irregular interval— roughly one year after he had resigned— section 443.111(5)(e) mandates that they be assigned to his base period so that his weekly benefit amount can be increased to an amount reasonably similar to what it would have been had Martinez been paid the withheld wages at regular intervals. Section 443.111(5)(e), however, only mandates such a result “to the extent practicable.” In this case, assigning the withheld wages to Martinez’s base year would not only be impracticable, it would be impossible.
Tellingly, even on appeal, Martinez does not, and cannot, specify to which calendar quarter of his base period his withheld wages should be applied. This is problematic, to say the least, because, as explained above, the weekly benefit calculation is predicated on a determination of the total amount of wages for insured work paid to a claimant during each calendar quarter of the base period. The Department may not, as the claimant apparently requests, arbitrarily assign portions of the withheld wages to calendar quarters across the claimant’s base period, as doing so would potentially skew the determination of the “quarter of the base period in which the wages paid were the highest,” or what constitutes “one twenty-sixth” of the wages for insured work paid to the claimant in that quarter. Thus, the appeals referee properly applied the withheld wages to the calendar quarter in which they were paid.
The dissent wholly ignores the cold reality that Martinez has already appeared before the appeals referee and been given the opportunity, but failed, to establish the amount of withheld wages he earned during each calendar quarter of his base period. Rather than address this evidentiary deficiency, the dissent makes no mention of the benefit calculation formula set forth in section 443.111(3) — which is premised on the amount of wages earned during each calendar quarter.
Instead, the dissent notes that the appeals referee. erred in determining that “the claimant had ‘failed to show that the back pay award, or a portion of the award, was earned during the base period of July 1, 2008 through June 30, 2009.’ ” We agree with the dissent that this factual finding was incorrect; Martinez testified that he earned the withheld wages during his base period. This error, however, is not dispositive because it remains uncontested that the appeals referee correctly determined that “[n]o evidence has been presented to show the amount of the back pay award attributable to each quarter of *883 the base period,” and that “[a]bsent such evidence the amount of wages earned during each calendar quarter of the base period cannot be determined as required by Rule 60BB-3.016.” Thus, notwithstanding the appeals referee’s erroneous factual finding, Martinez’s evidentiary deficiency precluded the appeals referee from applying the wages to the calendar quarters in which they were earned, and left it no choice but to apply them to the calendar quarter in which they were paid, as was expressly permitted under former rule 60BB-3.016.
While it is true, as the dissent notes, that the unemployment compensation laws are remedial in nature, Davidson v. AAA Cooper Transp., 852 So.2d 398, 401 (Fla. 3d DCA 2003), it is equally well established that the Commission’s legal conclusions are entitled to substantial deference, and that we review them on appeal only for clear error. Se. Volusia Hosp. Dist., 438 So.2d at 820. In this case, therefore, our standard of review does not contemplate reversal based upon the discovery of a single, non-dispositive “factual” error. Rather, where, as here, the Department’s determination is supported by the plain language of the governing statute and administrative rules, we are duty bound to uphold it.
Were we to remand this case to the appeals referee, we would merely be excusing Martinez from his failure to offer the required evidence, and giving him yet another opportunity to satisfy his burden. Martinez, however, is not entitled to, nor should he receive, a second bite at the apple.
Affirmed.
EMAS, J., concurs.

. This was in fact the second hearing before the appeals referee following this Court's order allowing Martinez to seek a redetermination of his base wages and weekly benefit amount. The appeals referee's determination following the first hearing was reversed.

. This rule is now Rule 73B-11.016.