# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1373
Lower Tribunal No. 14-27870
_____

**Cellnet 7, Inc., and Celltech 7, Inc.,**
Appellants,

vs.

**Adolfo Lainez,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Maspons Sellek Jacobs and Suzette L. Russomanno, for appellants.

Ramiro Christen Areces, for appellee.

Before SALTER, EMAS and FERNANDEZ, JJ.

SALTER, J.

Cellnet 7, Inc., and Celltech 7, Inc. (together, "Cellnet"), appeal a non-final order granting the appellee Adolfo Lainez's motion to dismiss the complaint on the basis of forum non conveniens. We reverse.

Proceedings in the Circuit Court

The Cellnet companies are Florida corporations based in Doral, Florida. They import, export, and distribute mobile electronic devices, equipment, and accessories. Lainez is a resident of Honduras. Cellnet's 2014 circuit court complaint alleged that in 2006 Lainez began purchasing phones and other accessories from Cellnet on a wholesale basis. Lainez and Cellnet later agreed, verbally, that Lainez would receive a three percent commission on phones and other goods sold by Cellnet directly to one of Lainez's customers in Honduras (Distelsa Distribuidora De Telefonos, S.A., or "Distelsa").

The complaint alleged that Cellnet and Lainez entered into a similar oral agreement regarding direct sales by Cellnet to another customer of Lainez in Honduras, Importadora y Distribuidora Telefonica, S.A., or "IDT." Lainez was to serve as Cellnet's representative in Honduras for purposes of managing logistics for sales, including return merchandise authorizations, for Cellnet's sales to Distela and IDT. This relationship flourished until 2010, the complaint alleged, when market forces caused Distelsa and IDT to substantially reduce their purchases from Cellnet.

In 2011, Cellnet undertook a review of credit memos issued by Lainez for over $1,000,000.00 of Cellnet merchandise allegedly based on inspections by Lainez. As part of this review, Cellnet allegedly discovered that Lainez had received commissions on all goods sold to Distelsa and IDT, including the goods subject to the credit memos, and Lainez never shipped back the returned items to Cellnet. Cellnet valued these returned goods "in excess of $200,000.00." Cellnet alleged that Lainez accepted mobile devices for return from Distelsa and IDT without authorization by Cellnet, and that he refused to return those goods or repay Cellnet for the value of those goods. Based on those allegations, Cellnet sued Lainez for conversion of the goods that were subject to the credit memos (and using or disposing of those goods for his own benefit), and for unjust enrichment.

Lainez responded to the complaint with a motion to dismiss for lack of personal jurisdiction, to dismiss under principles of forum non conveniens, and based on the statute of limitations. In support of the motion, Lainez filed an affidavit executed in Honduras which stated that he resides in Tegucigalpa, Honduras; that the business transactions with Cellnet, Distelsa, and IDT occurred in Honduras; that he does not have an office or agent in Florida; and that he performed all of his work, and received all payments, in Honduras.

Tracking some, but not all, of the elements of Florida Rule of Civil Procedure 1.061, "Choice of Forum," and <u>Kinney System, Inc. v. Continental</u>

Insurance Co., 674 So. 2d 86 (Fla. 1996), Lainez's affidavit also stated that he is amenable to process in Honduras, waives any jurisdictional defenses there, and will utilize the date of filing of the Florida complaint as the pertinent date for any statute of limitations argument he might raise in Honduras. Finally, his affidavit declared that the witnesses were located in Honduras, the Honduran customers would be essential witnesses, and it would be "incredibly costly and impractical to litigate this case in Florida."

The trial court heard Lainez's motions at a non-evidentiary hearing in May 2016. The court focused on the forum non conveniens arguments. Counsel for Lainez acknowledged that he had not addressed foreign law, while counsel for Cellnet argued that "it's actually defendant's burden to show that the adequate forum is Honduras, and if in fact the Court considers that the defendant has met its burden then the burden is shifted to plaintiff to show why Florida is the more convenient forum." At the conclusion of the hearing, the trial court granted the motion to dismiss based on forum non conveniens. After the parties submitted competing orders and the court conducted a short, additional hearing, the court entered the dismissal order. This appeal followed.

Analysis

We review orders granting or denying a motion to dismiss based on forum non conveniens for an abuse of discretion. Abeid-Saba v. Carnival Corp., 184 So.

4

3d 593, 599 (Fla. 3d DCA 2016); Fla. R. Civ. P. 1.061(a). In this case, we find an abuse of discretion based on Lainez's failure to meet his burden[1] by providing any evidence that Honduras is an adequate forum for his dispute with Cellnet. Lainez's affidavit regarding his amenability to service of process in Honduras, waiver of jurisdictional defenses there, and willingness to accept the filing date of the Florida action for purposes of any defense in Honduras based on the statute of limitations, does not satisfy that burden.[2]

"[A]n alternative forum does not have to be equivalent to the chosen forum to be adequate, but we have recognized that 'dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute.'" Cortez v. Palace Resorts, Inc., 123 So. 3d 1085, 1092 (Fla. 2013) (quoting Kinney, 674 So. 2d at 90). As another example, "a forum may be inadequate if it is grossly inefficient or given to extreme levels of partiality." Hilton Int'l Co. v. Carrillo, 971 So. 2d 1001, 1005 (Fla. 3d DCA 2008) (citing Leon v. Millon Air, Inc., 251 F. 3d 1305, 1312 (11th Cir. 2001)). Lainez provided no affidavit by an attorney authorized to practice in Honduras,[3] live testimony to

---

[1] Telemundo Network Grp., LLC v. Azteca Int'l Corp., 957 So. 2d 705, 709 (Fla. 3d DCA 2007).

[2] These points address the availability of the alternative forum, but not its adequacy.

[3] See, e.g., Bridgestone/Firestone N. Am. Tire, LLC v. Garcia, 991 So. 2d 912, 917 (Fla. 4th DCA 2008).

that effect, or any other evidence to meet his burden regarding the adequacy of the courts and legal system in Honduras, regarding his dispute with Cellnet.

While there are reported federal court decisions determining or affirming that a Honduran court is adequate to determine a particular case,[4] there appears to be no Florida case assessing the adequacy of the courts in Honduras to hear, rule upon, and enforce claims for conversion and unjust enrichment involving an oral contract, filed years after the pertinent transactions (2007 to 2011, according to the exhibits attached to the October 2014 complaint). Without any such support, this failure of proof requires reversal of the order of dismissal. In the present case, Lainez does not get the proverbial "second bite at the apple" to attempt to correct the failure to prove the adequacy of the proposed alternative forum.[5]

The trial court also omitted any assessment of private interests—"the general rule that there is a strong presumption against disturbing the plaintiff's choice of forum, and 'this presumption can be defeated only if the relative disadvantages to the defendant's private interests are of sufficient weight to

_____

[4] See, e.g., Stalinski v. Bakoczy, 41 F. Supp. 2d 755, 760 (S.D. Ohio 1998).

[5] A party's failure to prove a required element of a cause of action or a motion in which evidence may be admitted or proffered—as distinguished from a reversal necessitated by a trial court error—ordinarily does not allow the party a new trial or hearing on remand in order to remedy the shortcoming and try again. Persinger v. Estate of Tibbetts, 727 So. 2d 350, 351 (Fla. 5th DCA 1999); Emerald Pointe Prop. Owners' Ass'n v. Commercial Construction Indus., Inc., 978 So. 2d 873, 879-80 (Fla. 4th DCA 2008).

overcome this presumption.'" Rolls-Royce, Inc. v. Garcia, 77 So. 3d 855, 860 (Fla. 3d DCA 2012) (quoting Kinney, 674 So. 2d at 92). In the present case, there was record evidence that Lainez owns a home in South Florida, which he visits when he chooses, supporting the presumption in favor of Cellnet's choice of forum.

Reversed and remanded, with directions to reinstate the complaint, and for further proceedings not inconsistent with this opinion.