EMAS, J.
*494 INTRODUCTION
David Levy, defendant below, appeals a final judgment entered against him in favor of Eliahu Ben-Shmuel, plaintiff below, on Ben-Shmuel's claims for unjust enrichment and conversion. We affirm without discussion that portion of the final judgment entered in favor of plaintiff Ben-Shmuel on his claim for unjust enrichment. However, we hold that the trial court erred in denying Levy's motion for involuntary dismissal, because Ben-Shmuel failed to meet his burden of proving damages at the nonjury trial. We therefore reverse that portion of the final judgment entered in favor of Ben-Shmuel on his claim for conversion, and remand with directions to enter a final judgment in favor of Levy on that claim.
We also write to clarify the law within this district, and hold, as a general rule, that where this court determines, on appeal from a properly preserved claim, that a party failed to meet its burden of establishing the correct measure of damages at trial, that party is not entitled on remand to a new trial on damages, unless that party's failure to meet its burden was the result of judicial error.[1]
FACTS AND PROCEDURAL BACKGROUND
Levy and Ben-Shmuel were longtime friends when they agreed that Levy would temporarily move into a furnished home owned by Ben-Shmuel in Golden Beach, Florida. The rental agreement was not in writing, and according to the allegations of the complaint, the parties agreed that the rental rate was $27,000 per month but that, in lieu of rent, Levy would instead maintain and make certain improvements to the property during the rental term. The complaint alleged that Levy moved into the property on September 4, 2012, but did not maintain the property, never made any improvements, and failed to pay any rent.
After Levy vacated the premises, Ben-Shmuel sued him, alleging claims of, inter alia , unjust enrichment and conversion of personal property allegedly removed by Levy.
The claims proceeded to a bench trial. The court found in favor of Ben-Shmuel on the claims for unjust enrichment and conversion of personal property. Thereafter, the court entered final judgment in favor of Ben-Shmuel, and against Levy, awarding Ben-Shmuel $90,000 as damages on the unjust enrichment claim (three months' rent at $30,000 per month) and $15,000 as damages on the conversion claim. Levy *495 moved for rehearing, but that motion was denied. This appeal followed.
ANALYSIS
As stated earlier, we affirm without discussion that portion of the final judgment awarding $90,000 to Ben-Shmuel on his unjust enrichment claim, and address only that portion of the final judgment awarding Ben-Shmuel $15,000 in damages for Levy's conversion of personal property.
On appeal, and at the trial court,[2] Levy contended that Ben-Shmuel failed to meet his burden of establishing damages for his conversion claim. Although Ben-Shmuel opposed Levy's contention at the trial court, Ben-Shmuel concedes on appeal that he failed to establish the correct measure of damages for his conversion claim. Nevertheless, Ben-Shmuel posits that we should reverse and remand for a new trial to permit Ben-Shmuel a second opportunity to prove his damages on the conversion claim. Levy contends that no new trial should be permitted and that we should reverse and remand with instructions to enter final judgment in favor of Levy on this claim.[3] We agree with Levy and hold that, because Ben-Shmuel failed to meet his burden of establishing the correct measure of damages at trial, and such failure was not the result of judicial error, Ben-Shmuel is not entitled to a new trial on damages.
The generally prevailing rule is that a party will not be permitted a new trial on remand to remedy its own failure to present sufficient evidence to support its claim. As we observed in Cellnet 7, Inc. v. Lainez, 215 So.3d 137, 140 n.5 (Fla. 3d DCA 2017) :
A party's failure to prove a required element of a cause of action or a motion in which evidence may be admitted or proffered-as distinguished from a reversal necessitated by a trial court error-ordinarily does not allow the party *496 a new trial or hearing on remand in order to remedy the shortcoming and try again.
(citing Persinger v. Estate of Tibbetts, 727 So.2d 350, 351 (Fla. 5th DCA 1999) ; Emerald Pointe Prop. Owners' Ass'n v. Commercial Constr. Indus. Inc., 978 So.2d 873, 879-80 (Fla. 4th DCA 2008) ). See also Martinez v. Reemployment Assistance Appeals Com'n, 118 So.3d 878 (Fla. 3d DCA 2013).
The Fourth District, applying this general rule, has held that a party who fails to meet its burden of establishing damages at trial is not entitled on remand to a new trial. Fidelity Warranty Servs., Inc. v. Firstate Ins. Holdings, Inc., 74 So.3d 506 (Fla. 4th DCA 2011) ; Emerald Pointe, 978 So.2d at 879-80 ; Morgan Stanley & Co. v. Coleman (Parent) Holdings Inc., 955 So.2d 1124 (Fla. 4th DCA 2007) ; T.A. Enters., Inc. v. Olarte, Inc., 951 So.2d 978 (Fla. 4th DCA 2007) ; Kind v. Gittman, 889 So.2d 87 (Fla. 4th DCA 2004) ; Teca, Inc. v. WM-TAB, Inc., 726 So.2d 828, 830 (Fla. 4th DCA 1999).
In Teca, the Fourth District (en banc) determined that the trial court erred in denying defendant's motion for involuntary dismissal because plaintiff failed to prove its damages at the nonjury trial. The Fourth District then addressed the appropriate remedy on remand. In doing so, it recognized the conflict between its earlier decisions in Strickland v. Muir, 198 So.2d 49 (Fla. 4th DCA 1967) and Nico Indus., Inc. v. Steel Form Contractors, Inc., 625 So.2d 1252 (Fla. 4th DCA 1993).
In Strickland, the Fourth District, upon determining that plaintiff had failed to prove its damages at trial, reversed and remanded for a new trial. Twenty-five years later, in Nico, the Fourth District held that a plaintiff's failure to prove the correct measure of damages at trial required reversal and remand for entry of a judgment for defendants. The en banc court in Teca concluded: "We believe that Nico offers the better approach. Strickland allows a second bite at the apple when there has been no proof at trial concerning the correct measure of damages." Teca, Inc., 726 So.2d at 830.
The Fourth District followed this same approach in Emerald Pointe, 978 So.2d at 879-80, holding that plaintiff was "not entitled to a new trial on damages, as this would constitute a 'second bite at the apple at proving damages.' " (quoting Olarte, Inc., 951 So.2d at 979 and citing Teca, 726 So.2d at 830.)
We believe that the rationale of our sister court on this issue is sound. Our other sister courts are in accord, holding generally that a party who fails to establish the correct measure of damages at trial is not entitled, on reversal and remand, to a new trial on damages. See, e.g., Asset Mgt. Holdings, LLC v. Assets Recovery Ctr.Invs., LLC, 238 So.3d 908 (Fla. 2d DCA 2018) ; St. Petersburg Hous. Auth. v. J.R. Dev., 706 So. 2d 1377 (Fla. 2d DCA 1998) ; Pain Care First of Orlando, LLC v. Edwards, 84 So. 3d 351 (Fla. 5th DCA 2012) ; Van Der Noord v. Katz, 481 So. 2d 1228 (Fla. 5th DCA 1985) ; Platel v. Maronda Homes Inc. of Fla., 423 So. 2d 627 (Fla. 5th DCA 1982) ; Morton's of Chicago, Inc. v. Lira, 48 So. 3d 76 (Fla. 1st DCA 2010) (holding that "where the party with the burden of proof fails to establish an evidentiary basis for the damages awarded at trial, the general rule applies and (absent an exceptional legal or factual basis warranting a contrary result) simple reversal is warranted.... We see no legitimate reason to give a party an 'extra bite of the apple' ").
In support of his position that the proper remedy is a remand for a new trial on damages, Ben-Shmuel relies upon two earlier decisions of this court:
*497 Allstates Van Lines Corp. v. Lebenstein, 303 So.2d 33 (Fla. 3d DCA 1974) ; Hillside Van Lines, Inc. v. Matalon, 297 So.2d 848 (Fla. 3d DCA 1974). In each of these cases we determined that the plaintiff had failed to meet its burden of establishing the proper measure of damages, and reversed the final judgment, but remanded for a new trial on damages. However, these two decisions are devoid of any discussion, analysis or rationale for affording the plaintiff a second opportunity to prove damages at a new trial. Further, we can discern no basis in the instant case to deviate from the general rule acknowledged by this court in Cellnet 7, 215 So.3d at 140 n.5 : "A party's failure to prove a required element of a cause of action ... ordinarily does not allow the party a new trial ... on remand in order to remedy the shortcoming and try again." We join our sister courts, which have applied this rule in the context of a failure to prove damages and have held that the plaintiff is not entitled on remand to a new trial on damages.
Having determined, in this appeal from a properly preserved claim, that Ben-Shmuel failed to meet his burden of establishing the correct measure of damages at trial, and that this failure was not the result of judicial error,[4] we hold that Ben-Shmuel is not entitled on remand to a new trial on damages. We also recede from Lebenstein and Matalon to the extent those decisions are inconsistent with this opinion.
We reverse that portion of the final judgment on the conversion claim and remand for entry of final judgment in favor of Levy on that claim. We affirm the remaining portions of the final judgment.

Because we are receding from prior panel decisions of this court that are inconsistent with our holding in this case, we ordered on our own motion that this cause be determined en banc. See Fla. R. App. P. 9.331(c) (providing: "A hearing en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing. A motion seeking the hearing shall be stricken.") See also In re Rule 9.331, Determination of Causes by Dist. Court of Appeal En Banc, 416 So.2d 1127, 1128 (Fla. 1982) (observing that "a three-judge panel of a district court should not overrule or recede from a prior panel's ruling on an identical point of the law." Instead, intra-district conflict should be resolved by an en banc decision of the court pursuant to rule 9.331 ).

At trial, following Ben-Shmuel's presentation of evidence, Levy moved for involuntary dismissal, arguing in part that Ben-Shmuel failed to meet his burden of proof on the conversion claim. See Fla. R. Civ. P. 1.420(b). The trial court denied the motion. Regardless of whether Levy preserved this issue during the bench trial, the issue is properly raised on appeal. Florida Rule of Civil Procedure 1.530(e) provides:
When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, for new trial, or to alter or amend the judgment.
We note that in the context of a jury trial, however, preservation of such an issue is required: where a defendant fails to timely move for a directed verdict, and raises this issue for the first time in a motion for new trial, the proper remedy upon reversal and remand is a new trial. See Parisi v. Miranda, 15 So.3d 816, 818 (Fla. 4th DCA 2009) (holding: "Because Parisi did not move for a directed verdict at the close of the evidence, the proper remedy is a new trial on that issue"); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Anderson, 501 So.2d 635, 637 (Fla. 1st DCA 1986) (reversing and remanding for a new trial, holding trial court erred in entering judgment notwithstanding verdict where defendant at no point sought a directed verdict on any portion of the claim against him). Compare Morgan Stanley & Co. v. Coleman (Parent) Holdings Inc., 955 So.2d 1124, 1131 (Fla. 4th DCA 2007) (holding trial court should have granted defendant's motion for directed verdict and entered final judgment in its favor, rather than granting a new trial because plaintiff is not entitled to a second "bite at the apple" where it presented no proof at trial on the correct measure of damages).

Neither party has even suggested, much less argued, that we should remand for entry of a final judgment for nominal damages on the conversion claim. We therefore do not address the propriety of such a remedy on remand. See Cason v. Baskin, 159 Fla. 31, 30 So.2d 635 (1947) ; King v. Saucier, 356 So.2d 930 (Fla. 2d DCA 1978).

As an exception to this general rule, a new trial on damages would be appropriate where the party's failure to establish damages was the result of judicial error. See, e.g., R & B Holding Co. v. Christopher Advert. Grp., Inc., 994 So.2d 329 (Fla. 3d DCA 2008) (holding where trial court erred in applying incorrect methodology for computing plaintiff's measure of damages, plaintiff was entitled on remand to a new trial on damages); Sharick v. Se. University of the Health Sciences, Inc., 780 So.2d 136 (Fla. 3d DCA 2000) (reversing and remanding for new trial on damages where trial court precluded plaintiff from pleading and proving damages in the form of loss of earning capacity); Alonso v. Fernandez, 379 So.2d 685 (Fla. 3d DCA 1980) (reversing and remanding for new trial on damages where trial court erred in jury instruction given to jury on measure of damages).