# Third District Court of Appeal

## State of Florida

Opinion filed October 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0367
Lower Tribunal No. 17-2009
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Magda V. Salazar,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Butler Weihmuller Katz Craig LLP., and J. Pablo Caceres (Tampa), for appellant.

Giasi Law, P.A., and Melissa A. Giasi and Erin M. Berger (Tampa), for appellee.

Before LOGUE, C.J., and SCALES and LOBREE, JJ.

LOBREE, J.

Citizens Property Insurance Corporation ("Citizens") appeals a final

judgment entered after a jury verdict in favor of Magda V. Salazar ("homeowner") in her breach of insurance contract action. Because the trial court erred in denying Citizens' motion in limine, causing the homeowner's failure to present evidence of the correct measure of damages—the actual cash value of the loss—we reverse and remand for a new trial.

## BACKGROUND

Citizens issued a homeowners insurance policy to the homeowner. During the policy period, the property sustained water damage due to a leaking water line under the kitchen sink. The homeowner submitted a claim for benefits under the policy. The loss settlement provision of the policy obligated Citizens to pay "initially . . . at least the actual cash value of the insured loss, less any applicable deductible" and then "any remaining amounts necessary to perform [covered] repairs as work [wa]s performed and expenses incurred." This loss settlement provision mirrors the language of section 627.7011(3)(a), Florida Statutes (2018), providing that "[i]n the event of a loss for which a dwelling . . . is insured on the basis of replacement costs . . . the insurer must initially pay at least the actual cash value of the insured loss, less any applicable deductible," and "shall pay any remaining amounts necessary to perform such repairs as work is performed and expenses are incurred."

Citizens investigated the claim and issued payment in the amount of $4,439.76, representing its estimate of the actual cash value of the damage less the applicable deductible. With that money, the homeowner allegedly performed repairs to the property in the amount of about $3,000 but failed to produce those receipts. Thereafter, the homeowner hired a public adjuster who estimated the amount of her damages was $38,268.87. This estimate was a replacement cost estimate and included matching costs with regard to various damaged items. Citizens declined to pay any additional amount to the homeowner because she failed to provide Citizens with any receipts to show that any actual repairs had been performed or that she had incurred any additional costs in excess of their initial payment, and because the public adjuster's estimate was over-scoped and over-priced. Subsequently, the homeowner initiated the instant breach of contract action against Citizens for underpayment of her insurance benefits.

Prior to trial, Citizens filed a motion in limine to limit the evidence on damages to the actual cash value of the directly damaged property. Citizens argued that it was initially required to pay the homeowner only the actual cash value of the directly damaged property and its obligation to pay any remaining amounts beyond actual cash value of the directly damaged property, including matching costs, was triggered only once the homeowner

performed work and incurred expenses beyond those paid by the insurer. After the trial court denied the motion, the case proceeded to a jury trial, during which the homeowner relied on the estimate and testimony of her public adjuster to establish the amount of her damages. At the close of the homeowner's case, Citizens moved for directed verdict on the grounds that the homeowner failed to establish that she was entitled to receive any amount beyond the actual cash value of the loss and failed to present any evidence of the actual cash value of the loss. The trial court denied the motion. The jury returned verdict in favor of the homeowner in the amount of $20,000. Thereafter, the trial court denied Citizens' renewed motion for directed verdict, and this appeal followed.

## STANDARD OF REVIEW

Generally, this court reviews rulings on motions in limine for an abuse of discretion. Patrick v. State, 104 So. 3d 1046, 1056 (Fla. 2012). However, where the trial court's order presents questions of insurance policy interpretation and statutory construction, our review is de novo. Trinidad v. Fla. Peninsula Ins. Co., 121 So. 3d 433, 437 (Fla. 2013). Further, this court reviews a denial of a motion for directed verdict de novo, viewing the evidence and all available inferences from it in the light most favorable to the verdict. Citizens Prop. Ins. Corp. v. Kings Creek S. Condo, Inc., 300 So. 3d

4

763, 765 (Fla. 3d DCA 2020). Although a party that fails to meet its burden of establishing the correct measure of damages at trial is ordinarily not entitled, on reversal and remand, to a new trial on damages, a new trial may be appropriate where that party's failure was the result of judicial error. Levy v. Ben-Shmuel, 255 So. 3d 493, 495 (Fla. 3d DCA 2018) (en banc).

## DISCUSSION

On appeal, Citizens argues that the trial court erred in denying its motion in limine to exclude the homeowner's estimate that was based on replacement cost rather than the correct measure of damages, actual cash value. We agree and reverse and remand for a new trial.

Generally speaking, "[c]overed losses can be adjusted on the basis of either replacement cost value or actual cash value." Siegel v. Tower Hill Signature Ins. Co., 225 So. 3d 974, 975 n.1 (Fla. 3d DCA 2017). However, section 627.7011(3)(a), which is incorporated into the subject insurance policy, provides: "For a dwelling, the insurer must initially pay at least the actual cash value of the insured loss, less any applicable deductible. The insurer shall pay any remaining amounts necessary to perform such repairs as work is performed and expenses are incurred." Further, projected matching costs are not included as part of the actual cash value of an insured loss and an insurer is only obligated to pay such costs as the repairs are

5

performed.  <u>Vazquez v. Citizens Prop. Ins. Corp.</u>, 304 So. 3d 1280, 1285-86 (Fla. 3d DCA 2020).

Here, the homeowner did not produce any evidence to establish her damages exceeded Citizens' initial payment.  Thus, Citizens was not yet obligated to pay any additional amount or matching costs.  However, the trial court allowed the homeowner, over Citizens' objection, to introduce an estimate that was not based on the actual cash value of her loss and improperly included matching costs as evidence of her damages.  In reliance on this erroneous ruling, the homeowner never submitted evidence of the actual cash value of her loss, and the only estimate the jury had from which to analyze the loss and award damages was the replacement cost estimate prepared by the homeowner's public adjuster.  The public adjuster testified that he would have to "dissect the entire estimate" to arrive at the actual cash value of the loss, something he could not do as he sat in court.  Consequently, there was no way for the jury to parse the estimate to determine the actual cash value figure without improper guessing and speculation.  <u>See</u> <u>United Auto. Ins. Co. v. Colon</u>, 990 So. 2d 1246, 1248 (Fla. 4th DCA 2008); <u>Kennedy & Ely Ins., Inc. v. Am. Emp'rs Ins. Co.</u>, 179 So. 2d 248, 249 (Fla. 3d DCA 1965).

6

While a party will not be permitted a new trial on remand to remedy its own failure to present sufficient evidence to support its claim, a new trial is the appropriate remedy where reversal is necessitated by the trial court's error. <u>Levy</u>, 255 So. 3d at 495. Because the trial court erred in denying Citizens' motion in limine to exclude the homeowner's estimate that was not based on the proper measure of damages, which resulted in the homeowner's failure to submit evidence of the correct measure of damages, we reverse and remand for a new trial.

Reversed and remanded.