# Third District Court of Appeal

## State of Florida

Opinion filed June 18, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-592
Lower Tribunal No. 16-9912
_____

**Eloquence on the Bay Condominium Association, Inc., etc.,**
Appellant,

vs.

**CDC Builders, Inc., etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Klein Park & Lowe, P.L., and Robert M. Klein and Andrew M. Feldman, for appellant.

Cole Scott & Kissane, P.A., and Scott A. Cole and Therese A. Savona (Orlando), for appellee CDC Builders, Inc.

Before LINDSEY, LOBREE and BOKOR, JJ.

LOBREE, J.

Eloquence on the Bay Condominium Association, Inc. ("Eloquence")

appeals the entry of final judgment in favor of CDC Builders, Inc. ("CDC") and an order denying its motion for new trial based on the trial court's decision to modify the agreed jury instructions mid-trial to include CDC's new proposed jury instruction on damages.  For the reasons that follow, we affirm.

## BACKGROUND

In 2016, Eloquence filed suit against its condominium developer Ness Racquet Club, LLC, and its general contractor, CDC, alleging the condominium was constructed with numerous construction and design defects.  Eloquence amended its complaint in 2018 to include claims against CDC for breach of the statutory implied warranty of fitness, negligence, and for breach of the Florida Building Code.

The matter proceeded and the case was set for a jury trial.  Eleven days before trial began, the parties attended a charge conference where they discussed jury instructions.  Both parties had submitted proposed jury instructions, which each stated that the measure of damages was "the reasonable cost of necessary repairs which the greater weight of the evidence shows resulted, or will result, from" CDC's alleged breach or negligence.  At the pretrial conference neither party presented any argument regarding the time frame or date on which the amount of damages should be measured.

2

An eight-day trial was held. After the jury was sworn in, the trial court told the jury that it would receive a complete set of jury instructions at the end of the trial but that it would give the jury some of the rules at the start of trial so the jury could begin to understand how to apply the evidence. While walking the jury through its instructions, the trial court told the jury that the measure of damages would be "the reasonable cost of any necessary repairs which the greater weight of the evidence shows resulted or will result from Defendant CDC's" breach of the implied warranty of fitness, negligence, and breach of the Florida Building Code.

As trial progressed, the trial court granted Eloquence's motion for directed verdict finding CDC violated a provision of the Florida Building Code involving the building's post-tensioning system because both Eloquence and CDC's experts testified that there was a violation. However, the trial court reviewed the language of section 553.84, Florida Statutes, and found the jury should still be permitted to make liability findings as to whether CDC knew or should have known that a material violation existed, and whether there was any personal injury or damage to property other than that subject to the construction plans as CDC received approval for its construction plans.

At the end of the sixth day of trial, Eloquence stated its objection to a new set of jury instructions that CDC had circulated that morning. Eloquence

3

argued it did not agree to the newly-proposed jury instructions as they had substantive changes, the case was already six days into trial, and the parties already had a three-hour charge conference where the trial court ruled on the instructions. The trial court directed the parties to meet and discuss the proposed instructions before the continuation of trial the next day.

The next day, the parties discussed the jury instructions after all parties rested their case. During this discussion, Eloquence noted it objected to CDC's inclusion of a sentence to the damages instructions that stated: "The cost of repair must be measured at the time of the breach, not the time of trial." Eloquence asserted this was improper because its claims against CDC were not for breach of contract, but rather breach of statutory warranty and the Florida Building Code. Notably, Eloquence did not argue that inclusion of this jury instruction would mislead the jury or result in an unfair trial.

CDC argued that limitation of the damages to the time of the breach was proper pursuant to Grossman Holdings Ltd. v. Hourihan, 414 So. 2d 1037, 1040 (Fla. 1982), and further contended the time of the breach should be considered 2015, as that was after the condominium building was turned over to Eloquence. Eloquence countered that damages should be equal to the cost of repair at the time of trial. The trial court disagreed. Eloquence then acquiesced to the inclusion of the modified jury instruction and agreed

4

that the jury instruction should state the cost of repairs should be measured as of 2015. Eloquence did not move to reopen the evidence, seek to recall its damages expert, or request that the trial court preclude CDC from arguing during closing that Eloquence presented no evidence of what the cost of repair was in 2015.

The next day, before closing arguments, the parties discussed the verdict form and Eloquence did not raise any objections or seek any additional interrogatories. During closing arguments, Eloquence did not address the amended measure of damages. CDC, on the other hand, noted that "[e]very single jury instruction on damages for all three counts requires [Eloquence] to prove the cost of repair in 2015 and you didn't hear any evidence of it here. You heard 2019, 2022, but you didn't hear 2015." Eloquence did not contemporaneously object to this argument or move for a mistrial asserting it had been denied the opportunity to present evidence to the jury about the costs of repair in 2015. At the end of the trial, the jury rendered a verdict for CDC and the trial court entered final judgment in CDC's favor.

Eloquence filed a motion for new trial asserting that the new jury instruction: (1) misled and confused the jury; (2) was improper as Eloquence's claims were not based on breach of contract; and (3) was

5

inconsistent with the prior instructions, warranting a new trial. CDC responded asserting that: (1) the jury never reached the issue of Eloquence's damages so any error in the measure of damages instruction was harmless; (2) Eloquence's argument that the jury instructions were misleading was not preserved; (3) the law supported the new damages jury instruction; and (4) the verdict was not contrary to the manifest weight of the evidence. Eloquence filed a reply. The trial court heard the motion for new trial and ultimately denied the motion. This appeal followed.

**ANALYSIS**

"The standard of review over a trial court's decision regarding a motion for new trial is abuse of discretion." Barkett v. Gomez, 908 So. 2d 1084, 1086 (Fla. 3d DCA 2005). "A trial court's decision to give or refuse to give a proposed jury instruction is reviewed for an abuse of discretion." Philip Morris USA, Inc. v. McCall, 234 So. 3d 4, 14 (Fla. 4th DCA 2017). "The test regarding jury instructions is whether, under the particular facts of the case, the instructions misled the jury or prejudiced a party's right to a fair trial." ITT-Nesbitt, Inc. v. Valle's Steak House of Fort Lauderdale, Inc., 395 So. 2d 217, 220 (Fla. 4th DCA 1981).

On appeal, Eloquence contends that the trial court's erroneous inclusion of CDC's requested jury instruction on damages six days into the

6

trial deprived it of a fair trial. Under the specific factual circumstances of this case, we conclude that Eloquence's failure to present evidence of 2015 damages on its Florida Building Code claim as to the post-tensioning system does not warrant reversal because it is not attributable to judicial error.[1]

"It is axiomatic that a plaintiff must prove damages resulting from the defendant's wrongdoing to be entitled to recover." Regions Bank v. Maroone Chevrolet, L.L.C., 118 So. 3d 251, 257 (Fla. 3d DCA 2013). This includes the proper measure of damages. See Bandklayder Dev., LLC v. Sabga, 406 So. 3d 265, 270 (Fla. 3d DCA 2025). "This court has consistently held that when a party has 'failed to meet [its] burden of establishing the correct measure of damages at trial, and such failure was not the result of judicial error, [that party] is not entitled to a new trial on damages.'" Id. (quoting Levy v. Ben-Shmuel, 255 So. 3d 493, 495 (Fla. 3d DCA 2018)). However, a new trial on damages is "appropriate where the party's failure to establish

---

[1] We further conclude that this issue is harmless with respect to the breach of statutory warranty and negligence claims. The jury found Eloquence had failed to show that CDC was liable for either negligence or breach of the statutory warranty. Accordingly, the jury never made a determination as to damages on either claim. Thus, any alleged error related to the new damages jury instruction was harmless. Special v. W. Boca Med. Ctr., 160 So. 3d 1251, 1256 (Fla. 2014) ("To test for harmless error, the beneficiary of the error has the burden to prove that the error complained of did not contribute to the verdict."). We therefore affirm the trial court's entry of final judgment and denial of Eloquence's motion for new trial as to those claims.

damages was the result of judicial error." <u>Levy</u>, 255 So. 3d at 497 n.4; <u>see also</u> <u>Sharick v. Se. Univ. of the Health Scis., Inc.</u>, 780 So. 2d 136, 140 (Fla. 3d DCA 2000) (reversing and remanding for new trial on damages because trial court erroneously denied plaintiff "the opportunity to plead and prove damages in the form of the loss of earning capacity").

Eloquence urges this court to reverse and find that its failure to present any evidence of 2015 damages was because of the trial court's erroneous inclusion of the late-amended damages jury instruction. Consistent with the trial court's directed verdict finding that CDC violated the Florida Building Code in its construction of the post-tensioning system, the jury found that Eloquence proved by the greater weight of the evidence that CDC should have known that a Florida Building Code violation existed for the post-tensioning system. However, the jury further found that Eloquence failed to prove by the greater weight of the evidence that this violation of the Florida Building Code in the construction of the post-tensioning system caused damage to the property.

We decline to conclude that Eloquence's failure to present any evidence of 2015 damages is due to judicial error. CDC presented its amended jury instructions to the trial court on the sixth day of the eight-day trial. The trial court agreed to alter the jury instructions a day before the

closing arguments. At that time, neither Eloquence nor CDC had presented any evidence or expert testimony relating to the measure of damages to the post-tensioning system in 2015. Even so, Eloquence ultimately *agreed* to use 2015 as the date when damages should be measured. Moreover, Eloquence did not move to reopen the evidence, seek to recall its damages expert, request that CDC be precluded from arguing the lack of evidence of 2015 damages during closing arguments, move for a mistrial based on its inability to present evidence of 2015 damages, or request any interrogatory on the verdict form relating to proof of the date of any damages.

While the modification of the jury instruction was certainly delayed, we cannot attribute the failure to prove the measure of damages in 2015 to judicial error. Eloquence failed to object to the amended instruction based on prejudice and failed to timely request relief. See City of Orlando v. Birmingham, 539 So. 2d 1133, 1135 (Fla. 1989) ("In the absence of a timely objection, the trial judge does not have the opportunity to rule upon a specific point of law. Consequently, no issue is preserved for appellate review."). Accordingly, we are constrained to affirm.

Affirmed.