7 So.3d 639 (2009)
HALL, LAMB & HALL, P.A., Appellant,
v.
SHERLON INVESTMENTS CORP., Appellee.
No. 3D07-2783.
District Court of Appeal of Florida, Third District.
April 22, 2009.
*640 Hall, Lamb & Hall and Andrew C. Hall, Lisa R. Harris, and Roarke Maxwell, Miami, for appellant.
Bilzin Sumberg Baena Price & Axelrod and Mitchell E. Widom, Miami and Allen J. Smith, for appellee.
Before GERSTEN, C.J., and ROTHENBERG, J., and SCHWARTZ, Senior Judge.

On Motion for Rehearing and Clarification
ROTHENBERG, J.
We grant the appellee's Motion for Rehearing and Clarification. We withdraw our prior opinion dated October 29, 2008, and substitute the following opinion in its stead.
Hall, Lamb & Hall, P.A. ("the law firm") appeals from an order denying its motion to adjudicate a charging lien against Sherlon Investments Corp. ("Sherlon"). We reverse.
In the litigation underlying this case, the law firm represented 1044 N.E. 2nd Ave., L.P. ("the former client") in a commercial eviction action brought by Sherlon, and filed a number of counterclaims on the former client's behalf. The former client and the law firm operated under a partly fixed and partly contingent fee agreement.
In September 2006, the former client terminated the law firm's services shortly before proceeding to mediation with Sherlon. At that time, the law firm notified the parties of its interest in recouping a fee for the services provided by filing a notice of charging lien. The former client then employed Mark Blumstein ("Blumstein"), an attorney who was suspended from the practice of law, to represent it. Sherlon and the former client reached a settlement before the end of September. Pursuant to that agreement, Sherlon agreed to pay an undisclosed sum to the former client. Sherlon paid the total settlement amount directly to Blumstein, who deposited those funds in an escrow account under his control. Sherlon and the former client obtained an order dismissing the case with prejudice from the trial court on November 6, 2006.
*641 Sherlon did not notify the law firm of the settlement or that it had transferred the total amount to Blumstein. The law firm became aware of the settlement only after receiving phone calls from the parties' attorneys attempting to negotiate a downward adjustment to the law firm's fee demand. On November 7, 2006, recognizing that the former client had obtained a settlement from Sherlon, the law firm filed a motion to adjudicate its charging lien against the former client. The law firm's subsequent attempts to collect its fees were unsuccessful, and therefore, it procured a trial court order adjudicating the charging lien and directing the former client and Blumstein to pay $76,421.17. The order did not mention Sherlon. Despite the issuance of this order, the law firm remained unable to recoup its fee.
In August 2007, the law firm moved to adjudicate its charging lien against Sherlon, in addition to the former client and Blumstein. The trial court denied the motion, and this appeal followed.
"A charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom, 428 So.2d 1383, 1384 (Fla.1983). To perfect a charging lien, the lienor-attorney need only demonstrate that he or she provided the parties to the litigation with timely notice of the interest. Id. at 1385. Here, it is undisputed that upon being terminated, the law firm notified the parties of its interest in recouping the fees earned during the course of representing the former client. Such a perfected lien is "chargeable against any person who, at the time notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future." Hutchins v. Hutchins, 522 So.2d 547, 549 (Fla. 4th DCA 1988) (emphasis added). See also Brown v. Vt. Mut. Ins. Co., 614 So.2d 574, 580-81 (Fla. 1st DCA 1993) (holding that if a party has notice of an attorney's charging lien, pays out a settlement to the attorney's client, and fails to protect the attorney's interest, the paying party may be held jointly and severally liable for the attorney's fees along with the attorney's client to the extent of the settlement proceeds or other funds held). Accordingly, the law firm argues that Sherlon, along with the former client and Blumstein, may be held jointly and severally liable for the fees earned during the law firm's representation of the former client. We agree.
There is no question that as a party to the settlement, Sherlon had an affirmative duty to notify the law firm of the settlement and to protect the law firm's lien interest in the settlement proceeds. Zaldivar v. Okeelanta Corp., 877 So.2d 927, 930 (Fla. 1st DCA 2004). Similarly, the record now before us indicates that although Sherlon and the former client reached a settlement by the end of September 2006, Sherlon failed to notify the law firm of the settlement in any way until November 2006when the parties obtained a dismissal of the action with prejudice from the trial court. Furthermore, Sherlon took no other steps to protect the law firm's interest. Sherlon did not ask the trial court to prevent the direct payment of the law firm's fee to Blumstein and the former client or to set those funds aside. Instead, Sherlon paid the entire settlement to the former client (through Blumstein) without providing safeguards for the law firm's lien interest. And regardless of Sherlon's intent, by doing so, Sherlon may have committed a fraud upon the law firm. Heller v. Held, 817 So.2d 1023, 1025 (Fla. 4th DCA 2002).
*642 Therefore, based upon the undisputed record, Sherlon, along with the former client and Blumstein, may be jointly and severally liable for the law firm's fee as calculated in accordance with the settlement agreement. The order denying the law firm's motion to adjudicate its charging lien against Sherlon is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
GERSTEN, C.J., concurs.
SCHWARTZ, Senior Judge (dissenting).
While I agree that Sherlon did not appropriately inform the appellant law firm of the settlement, I dissent from reversal because that lapse was not a legal cause of the firm's failure to recover.
The reason for informing the lawyer of a settlement is to permit him to take steps to protect his charging lien. See Zaldivar v. Okeelanta Corp., 877 So.2d 927 (Fla. 1st DCA 2004). In this case, however, the Hall firm, by other means, actually learned not only of the settlement but of the location of the proceeds: in "escrow" with the plaintiff's representative, a person who stated he was an attorney, but was not. Indeed, the firm succeeded in imposing a charging lien on the fundjust as it would have had the defendant given appropriate notice. Hall did not get its fee, however, only because the "escrow agent" eloped with the entire settlement. Putting it in legalese, the theft was the sole proximate cause of Hall's damages. Obversely, the appellee's missteps were immaterial to and were thus not a legal cause of the loss. See Stuart Yacht Club & Marina v. Dep't of Natural Res., 625 So.2d 1263, 1268-69 (Fla. 4th DCA 1993) (absence of required notice immaterial when a party acquires knowledge otherwise); see also Jones v. Fla. Ins. Guar. Assoc., 908 So.2d 435, 452-53 (Fla.2005); cf. Clark v. Lumbermans Mut. Ins. Co., 465 So.2d 552 (Fla. 1st DCA 1985) (absence of required warning immaterial when party otherwise knows of defect); 72A C.J.S. Products Liability § 17; 63A Am.Jur.2d Products Liability §§ 1161, 1162. On that basis, I would affirm.