PER CURIAM.
David Chavez appeals the final summary judgment rendered in favor of McDonald’s Restaurant of Florida, Inc., the defendant in the personal injury action Chavez filed claiming damages from his slip and fall on McDonald’s Restaurant’s premises. We conclude that Chavez, a business invitee on the premises of McDonald’s Restaurant, was owed a duty of care and that material issues of fact exist that prohibit entry of summary judgment in McDonald’s Restaurant’s favor.[1] See Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 330 (Fla.2001) (“It is undisputed that under Florida law, all premises owners owe a duty to their invitees to exercise reasonable care to maintain their premises in a safe condition.”); McCain v. Fla. Pow *1126 er Corp., 593 So.2d 500 (Fla.1992); Wolford, 861 So.2d at 456-57; Cold Storage Cafe, Inc. v. Barone, 779 So.2d 371, 373 (Fla. 2d DCA 2000) (“The issue of whether a negligent condition exists on premises generally involves, as here, a disputed material fact which precludes summary judgment.”); Craig v. Gate Maritime Props., Inc., 631 So.2d 375, 377 n. 1 (Fla. 1st DCA 1994) (“The issue of whether a negligent condition existed on premises generally involves disputes of material fact which will preclude summary judgment.”); Garcia v. City of Hialeah, 550 So.2d 1158 (Fla. 3d DCA 1989) (holding that the duty of care owed includes the duty to provide reasonably safe ingress and egress).
We affirm the trial court’s in li-mine ruling regarding the testimony of George Zimmerman, but note that a Frye[2] hearing is not necessary if he testifies based on his training and experience. See Marsh v. Valyou, 977 So.2d 543 (Fla.2007) (holding that Frye applies only to opinions based on new or novel scientific techniques and does not apply to pure opinion testimony based on training and experience). We also note that an expert’s opinion must be based on facts or inferences supported by the record. See Arkin Constr. Co. v. Simpkins, 99 So.2d 557, 561 (Fla.1957) (“[T]he conclusion or opinion of an expert witness based on facts or inferences not supported by the evidence in a cause has no evidential value. It is equally well settled that the basis for a conclusion cannot be deduced or inferred from the conclusion itself. The opinion of the expert cannot constitute proof of the existence of the facts necessary to the support of the opinion.”); see also Schindler Elevator Corp. v. Carvalho, 895 So.2d 1103 (Fla. 4th DCA 2005).
AFFIRMED in part; REVERSED in part; REMANDED.
ORFINGER, C.J., SAWAYA and ■ COHEN, JJ., concur.

. The trial judge made it clear that the basis for his ruling was that McDonald’s Restaurant did not owe the plaintiff a duty of care. We note that the issues of no prior accidents and whether McDonald's Restaurant knew of the alleged dangerous condition because McDonald's Restaurant created it are generally factual issues relating to whether the duty, once established, was breached and causation. Lewis v. Sun Time Corp., 47 So.3d 872, 873 (Fla. 3d DCA 2010); Wolford v. Ostenbridge, 861 So.2d 455, 456-57 (Fla. 2d DCA 2003). These issues were not decided by the trial court. Hence, we will not address them any further.

. Frye v. United States, 293 F. 1013 (D.C.Cir.1923).