FERNANDEZ, J.
Appellant/cross-appellee La Ley Sports Complex at the City of Homestead, LLC
*469 ("La Ley") appeals the trial court's March 14, 2016 final judgment entered after a non-jury trial. Appellee/cross-appellant the City of Homestead, Florida (the "City") appeals the same. For the reasons stated below, we affirm in part, reverse in part, and remand with instructions.
This cause arises from a July 14, 2011 lease and purchase agreement entered into between La Ley and the City. On December 15, 2012, La Ley filed an amended complaint pleading five causes of action: Count I fraud; Count II fraudulent misrepresentation and/or omission; Count III breach of contract; Count IV equitable lien; and Count V tortious interference with an advantageous business relationship. On May 28, 2014, the City filed a counterclaim alleging the breach of a commercial lease. In December of 2015, the case proceeded to a non-jury trial.[1] On March 4, 2016, the trial court entered its findings of fact and conclusions of law. On March 14, 2016, the trial court entered its final judgment.
On appeal La Ley challenges the final judgment on its fraud claims (Counts I and II) and on the City's counterclaim. On cross-appeal, the City challenges the final judgment on the breach of contract claim (Count III).
In reviewing a final judgment rendered from a non-jury trial, the trial court's findings of fact are clothed with a presumption of correctness. Fito v. Attorney's Title Ins. Fund, Inc., 83 So.3d 755, 757-58 (Fla. 3d DCA 2011). We apply a clear error standard to the findings of fact, and a finding will not be disturbed unless it is totally unsupported by competent and substantial evidence, it is clearly against the weight of the evidence, or it was induced by an erroneous view of the law. Id.; Holland v. Gross, 89 So.2d 255, 258 (Fla. 1956). We review the trial court's conclusions of law and application of law to the facts de novo . Fito, 83 So.3d at 757-58.
With respect to the issues raised by La Ley on appeal (the final judgment on the fraud claims [Counts I and II] and the City's counterclaim), finding no clear error, we affirm without further discussion.
With respect to the City's cross-appeal, we are unable to review the trial court's final judgment against the City on the breach of contract claim (Count III) because the trial court's final judgment incorporates conflicting conclusions of law. See J. Sourini Painting, Inc. v. Johnson Paints, Inc., 809 So.2d 95 (Fla. 2d DCA 2002) ; MCMullan v. McMullan, 710 So.2d 1045 (Fla. 5th DCA 1998). Specifically, in the trial court's conclusions of law, the trial court first states, "La Ley failed to prove all the elements of its case as to ... breach of an alleged insurance contract by a preponderance of the evidence." The trial court later writes, "[a]s to Count III, La Ley did prove by a preponderance of the evidence the existence of an enforceable contract which entitled La Ley to be an additional insured under its policy of insurance," and the trial court finds in favor of La Ley. As a result of the conflicting conclusions of law, we remand with instructions to vacate the trial court's final judgment as it relates to Count III and to conduct a new trial on that count.
The final judgment is affirmed as to Count I, Count II, and the City's counterclaim. The final judgment is reversed as to Count III, and remanded with instructions.
*470 Affirmed in part, reversed in part, and remanded with instructions.

La Ley voluntarily dismissed Count IV, and the trial court granted summary judgment in the City's favor on Count V.