HENDON, J.
*776 GEICO General Insurance Company ("GEICO") appeals from a final judgment finding it negligent in failing to protect its claimant's former law firm's charging lien, holding GEICO jointly and severally liable for that firm's attorney's fees. We affirm.
Aniushka Monsalve ("Monsalve") filed a claim against GEICO's insured, and hired the law firm of Steinger, Iscoe & Greene-II, P.A. ("SIG") to negotiate with GEICO. SIG entered into negotiations with GEICO on Monsalve's behalf. Monsalve then discharged SIG and hired Litigation Law, P.A. to continue negotiating with GEICO. In October 2014, SIG sent a notice and claim of attorney's charging lien to GEICO, Monsalve, and Litigation Law, to protect its right to its quantum meruit fees up until the time Monsalve discharged SIG from representing her.
That charging lien requested that no settlement disbursements be made by any defendant or insurer until the lien has been resolved. Further, the charging lien requested that SIG's name should appear on any checks from any defendant or insurer to the claimant Monsalve. It is undisputed that GEICO received notice of SIG's charging lien. GEICO later sent Litigation Law a letter memorializing SIG's lien, and enclosed a copy of the lien. Eventually, GEICO agreed to settle Monsalve's claim for $175,000.00. GEICO mailed a copy of the settlement to Litigation Law, and enclosed a release memorializing the terms of the settlement that Monsalve was to execute and return to GEICO. Further, GEICO's cover letter to Litigation Law directed that law firm to hold the settlement check in its escrow account until Monsalve returned the executed release document. None of that happened. GEICO sent the settlement check to Litigation Law and did not include SIG as a payee. Litigation Law then disbursed the settlement funds to Monsalve without notice to any of the parties, and Monsalve did not execute the release prior to depositing the check.[1]
Several months after the funds had been disbursed, Litigation Law engaged in negotiations with SIG to resolve SIG's charging lien. When those negotiations failed, SIG filed the current action seeking recovery of its attorney's fees. After discovery, SIG voluntarily dismissed all parties but GEICO. At the conclusion of a bench trial, the trial court found GEICO negligent, held it to be jointly and severally liable for SIG's charging lien, and entered a final judgment in favor of SIG for $50,000.00.
The parties stipulated to the facts. What remains to be reviewed is whether the trial court erred by finding GEICO breached its duty to SIG for failing to protect SIG's charging lien and finding GEICO negligent as a matter of law. "The standard of review governing a trial *777 court's ruling on a motion for summary judgment posing a pure question of law is de novo." Major League Baseball v. Morsani, 790 So. 2d 1071, 1074 (Fla. 2001).
"A charging lien is an equitable right to have costs and fees due an attorney for services in the suit secured to him in the judgment or recovery in that particular suit." Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom, 428 So. 2d 1383, 1384 (Fla. 1983). To perfect a charging lien, the lienor-attorney need only demonstrate that he or she provided the parties to the litigation with timely notice of the interest. Id. at 1385. Here, it is undisputed that upon being terminated, SIG timely filed its charging lien, notifying GEICO and Litigation Law of its interest in recouping the fees earned during the course of representing Monsalvo, however briefly. Such a perfected lien is "chargeable against any person who, at the time notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future." Hutchins v. Hutchins, 522 So. 2d 547, 549 (Fla. 4th DCA 1988) (emphasis added); see also Hall, Lamb & Hall, P.A. v. Sherlon Inv's. Corp., 7 So. 3d 639, 641 (Fla. 3d DCA 2009) (citing to Brown v. Vt. Mut. Ins. Co., 614 So. 2d 574, 580-81 (Fla. 1st DCA 1993) (holding that if a party has notice of an attorney's charging lien, pays out a settlement to the attorney's client, and fails to protect the attorney's interest, the paying party may be held jointly and severally liable for the attorney's fees along with the attorney's client to the extent of the settlement proceeds or other funds held)); see also Law Office of Michael B. Brehne, P.A. v. Porter Law Firm, LLC, 268 So.3d 854 (Fla. 5th DCA 2019), reh'g denied (Apr. 16, 2019) ("Because the funds are in trust, Law Office's lien has not been impaired. However, should that situation change in the future, the Insurers cannot avoid liability for the attorney's fees subject to Law Office's lien simply because it transferred the funds to a third party."). As in Sherlon Investments, GEICO as the paying party "had an affirmative duty to notify the law firm of the settlement and to protect the law firm's lien interest in the settlement proceeds." Sherlon, 7 So. 3d at 641.
We agree with the trial court that GEICO had a duty to protect SIG's attorney's lien by notifying SIG of the settlement, including SIG on the settlement check or obtaining SIG's waiver of its lien in writing, or obtaining a Hold Harmless agreement from Litigation Law. GEICO did none of these things. We therefore affirm the order finding GEICO negligent and liable for SIG's attorney's fees.
Affirmed.

Monsalve eventually executed the release months later, but GEICO states it never received the document.