# Third District Court of Appeal

## State of Florida

Opinion filed July 17, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1976
Lower Tribunal No. 23-30614 SP

_____

**Spencer Schwartz,**
Appellant,

vs.,

**Jorge Rodriguez, et al.,**
Appellees.

An Appeal from the County Court for Miami-Dade County, Natalie Moore, Judge.

Spencer Schwartz, in proper person.

Jorge E. Rodriguez and Clara Reed, in proper persons.

Before EMAS, SCALES and GORDO, JJ.

GORDO, J.

Spencer Schwartz ("Schwartz") appeals a final judgment entered after a non-jury trial in favor of Jorge Rodriguez ("Rodriguez") and Clara Reed ("Reed"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the trial court's factual findings are the basis of its legal conclusions that no contract was formed and Schwartz has not provided us with a transcript, we are compelled to affirm.

On appeal, Schwartz argues the trial court's determination that no contract was formed is erroneous because its factual findings are not supported by the evidence.

"In reviewing a final judgment rendered from a non-jury trial, the trial court's findings of fact are clothed with a presumption of correctness." La Ley Sports Complex at City of Homestead, LLC v. City of Homestead, 255 So. 3d 468, 469 (Fla. 3d DCA 2018). "We apply a clear error standard to the findings of fact, and a finding will not be disturbed unless it is totally unsupported by competent and substantial evidence . . . ." Id. Because Schwartz has not provided us with a trial transcript or presented any evidence to challenge the trial court's factual findings, we find no clear error in the final judgment. See Emaminejad v. Ocwen Loan Servicing, LLC, 156 So. 3d 534, 535-36 (Fla. 3d DCA 2015) ("Under Florida law, 'when reviewing a judgment rendered after a nonjury trial, the trial court's findings

2

of fact come to the appellate court with a presumption of correctness and will not be disturbed unless they are clearly erroneous' . . . Absent a transcript, it is all but impossible for this Court to review what was presented to the trial court as evidence and what arguments were made . . . . All of the challenges made by the [appellant] basically rest on this Court's review of the evidence and arguments made at trial, neither of which can be done in the absence of a transcript.") (citation omitted); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla.1979) ("Without knowing the [whole] factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should [be] . . . affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.").

Schwartz also argues the trial court abused its discretion in allowing Rodriguez to amend the complaint and add Reed as a necessary party to the claim. We find the trial court did not abuse its discretion in allowing Rodriguez to amend the complaint. See Impulsora De Productos Sustentables, S.A.P.I. De C.V. v. Garcia, 347 So. 3d 470, 471 (Fla. 3d DCA 2022) ("Refusal to allow an amendment is an abuse of the trial court's discretion 'unless it clearly appears that allowing the amendment would

prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'" (quoting JVN Holdings, Inc. v. Am. Constr. & Repairs, LLC, 185 So. 3d 599, 601 (Fla. 3d DCA 2016))); Video Indep. Med. Examination, Inc. v. City of Weston, 792 So. 2d 680, 681 (Fla. 4th DCA 2001) ("The primary consideration in determining whether a motion for leave to amend should be granted is a test of prejudice, and such leave 'should not be denied unless the privilege has been abused or the complaint is clearly not amendable.'" (quoting New River Yachting Ctr., Inc. v. Bacchiocchi, 407 So. 2d 607, 609 (Fla. 4th DCA 1981))); Lage v. Blanco, 521 So. 2d 299, 300 (Fla. 3d DCA 1988) ("Parties may be added by order of court on its own initiative or on motion of any party at any stage of the action and on such terms as are just." (quoting Fla. R. Civ. P. 1.250(c))).

Affirmed.