# Third District Court of Appeal

## State of Florida

Opinion filed February 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-0170 & 3D24-0853
Lower Tribunal No. 19-16993-CA-01

_____

**Michael Klein, et al.,**
Appellants,

vs.

**17121 Jade Ocean Condo, LLC,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Carlos Lopez and Spencer Eig, Judges.

Fabrikant & Associates PLLC, Kevin H. Fabrikant and Payton L. Kuenzli (Plantation), for appellants.

Law Office of Brian W. Pariser, P.A., Brian W. Pariser, Sheehe & Associates, P.A., Johanna E. Sheehe and Phillip J. Sheehe, for appellee.

Before SCALES, LINDSEY and GORDO, JJ.

PER CURIAM.

Michael Klein and Svetlana Gelfman ("Tenants") appeal an amended final judgment awarding Jade Ocean Condo, LLC ("Landlord") unpaid rent and damages for personal property items that were either damaged by Tenants or went missing during their tenancy.[1] We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). We affirm that portion of the judgment awarding Landlord damages for unpaid rent and for repairs Landlord made to fix certain items that Tenants damaged during their tenancy. Because, though, Landlord presented evidence only of the remaining unrepaired and missing items' replacement values, rather than their fair market values, we reverse that portion of the judgment awarding Landlord damages for those unrepaired and missing items.

## I.    Relevant Background

After conducting a two-day bench trial in this residential landlord-tenant action, the trial court entered judgment for Landlord in the amounts of $19,493.33 for unpaid rent, $692.75 for repairs Landlord made to fix certain

---

[1] In appellate case number 3D24-0170, Tenants sought appellate review of the lower court's December 27, 2023 final judgment. After this Court relinquished jurisdiction for the trial court to enter an amended final judgment, Tenants filed a new notice of appeal as to the May 7, 2024 amended final judgment, and the new appeal was assigned appellate case number 3D24-0853. This Court has consolidated the appeals for all purposes.

2

items damaged by Tenants,[2] $2,608 for damaged dining room chairs that were beyond repair, and $1,930.20 for items that the trial court found were missing after Tenants vacated the rented premises. Tenants timely appealed the judgment.

## II. Standard of Review

"In reviewing a final judgment rendered from a non-jury trial, the trial court's findings of fact are clothed with a presumption of correctness. We apply a clear error standard to the findings of fact, and a finding will not be disturbed unless it is totally unsupported by competent and substantial evidence, it is clearly against the weight of the evidence, or it was induced by an erroneous view of the law." 24 Hr Air Serv., Inc. v. Hosanna Cmty. Baptist Church, Inc., 322 So. 3d 709, 711 (Fla. 3d DCA 2021) (quoting La Ley Sports Complex at the City of Homestead, LLC v. City of Homestead, 255 So. 3d 468, 469 (Fla. 3d DCA 2018)). "A trial court's determination as to the *method* of calculating damages is reviewed de novo." Id. at 712 (quoting HCA Health Servs. of Fla., Inc. v. CyberKnife Ctr. of Treasure Coast, LLC, 204 So. 3d 469, 471 (Fla. 4th DCA 2016)). "If the trial court employed the correct measure of damages, we review the damages award for support by

---

[2] This figure consists of $442.75 for locksmith charges, $125.00 to repair a damaged IT panel, and $125 to repair a damaged bathroom drawer.

3

competent, substantial evidence." <u>Asset Mgmt. Holdings, LLC v. Assets Recovery Ctr. Invs., LLC</u>, 238 So. 3d 908, 911 (Fla. 2d DCA 2018).

## III.  Analysis

On appeal, Tenants argue that: (i) as to unpaid rent, the trial court erred in finding that Tenants failed to establish any diminished rental value of the rented apartment; and (ii) as to the damaged and missing personal property, the trial court improperly calculated the damages award using the cost of replacement rather than the fair market value of these items.[3]

### A. Unpaid Rent

During the bench trial, Tenants did not dispute Landlord's entitlement to unpaid rent but argued the rent should be reduced due to the alleged diminished value of the apartment. Tenants' expert testified that he lacked sufficient facts or data to offer an opinion on the case but was providing testimony based on hypothetical scenarios related to the complaints Tenants made to Landlord.

The expert further admitted that he lacked sufficient information or knowledge to render an opinion regarding the specific unit in question and

---

[3] Tenants do not contest their liability for unpaid rent or for the damaged or missing items. They solely contest the damages award in favor of Landlord, arguing that it is excessive and that the damage award for the personal property is unsupported by competent, substantial evidence of the fair market value for such personal property.

4

that his testimony was based on a hypothetical unit, not the unit at issue. At no point did the expert provide a conclusion based on the facts or inferences supported by the evidence or the record in this case.

As a result, the trial court found Tenants were not entitled to a rent reduction, as neither they nor their expert established any diminished rental value based on their complaints. We find that the trial court's determination in this regard is supported by competent substantial evidence and affirm the portion of the judgment awarding Landlord $19,493.33 in damages for unpaid rent. See Chaudhry v. Adventists Heath Sys. Sunbelt, Inc., 305 So. 3d 809, 818 (Fla. 5th DCA 2020) ("It has long been the law in Florida that 'the conclusion or opinion of an expert witness based on facts or inferences not supported by the evidence . . . has no evidential value.' 'It is equally well settled that the basis for a conclusion cannot be deduced or inferred from the conclusion itself. The opinion of the expert cannot constitute proof of the existence of the facts necessary to the support of the opinion.' Rather, 'an expert's opinion must be based on facts or inferences supported by the record.' Expert opinion testimony not supported by the facts, evidence, and/or the record has no evidentiary value." (quoting Arkin Constr. Co. v. Simpkins, 99 So. 2d 557, 561 (Fla. 1957) and Chavez v. McDonald's Rest. of Fla., Inc., 108 So. 3d 1124, 1126 (Fla. 5th DCA 2013))); Anderson-Moody

5

v. Wilson, 357 So. 3d 1240, 1242 (Fla. 1st DCA 2023) ("[A]lthough 'an expert may be qualified by experience,' it does not follow 'that experience, standing alone, is a sufficient foundation rendering reliable *any* conceivable opinion the expert may express.' 'When an expert is relying primarily on experience, the witness must explain how that experience leads to the opinion, why the experience is a sufficient basis for the opinion and how that experience is reliably applied to the facts.'" (quoting Baan v. Columbia Cnty., 180 So. 3d 1127, 1133 (Fla. 1st DCA 2015) and Charles W. Ehrhardt, 1 Fla. Prac., *Florida Evidence* § 702.4 (2022 ed.))); Gordon v. Smith, 615 So. 2d 843, 844 (Fla. 4th DCA 1993) ("It is axiomatic that a finder of fact may judge the persuasiveness and credibility of an expert's testimony and apply his own knowledge and experience when weighing opinion evidence. . . . [T]here is nothing unreasonable or improper with the fact finder declining to accept the testimony of such an expert.") (citation omitted); Tindall v. State, 310 So. 3d 95, 101 (Fla. 4th DCA 2021) ("The circuit court has discretion to accept or reject expert testimony." (quoting Franqui v. State, 59 So. 3d 82, 92 (Fla. 2011))).

*B. Repaired Personal Property*

We also affirm that portion of the judgment awarding Landlord $692.75 for the locksmith and repairs to the IT panel and the bathroom drawer. See Asset Mgmt. Holdings, LLC, 238 So. 3d at 911.

*C. Damaged Dining Room Chairs and Missing Personal Property*

At trial, Landlord's representative testified that the missing items consisted of a nightstand, duvet cover, pillows, linens, toiletries, some cookware and other kitchen items. The representative also testified that four dining room chairs had been damaged beyond repair. Landlord, though, offered no evidence as to the original purchase price or age of any of these missing or damaged items. Nor did Landlord offer any estimate as to these items' depreciation or market value when Tenants vacated the premises. Rather, to establish the $2,608 figure attributable to the damaged dining room chairs and the $1,930.20 figure attributable to the missing household items, Landlord's representative, over Tenant's objection, merely testified that he found identical, brand-new items listed for sale on the Internet, giving the list price of these new items (including, in some instances, shipping fees).

It is axiomatic that the proper measure of damages for loss of personal property is the property's market value on the date of the loss, not the property's replacement cost. See McDonald Air Conditioning, Inc. v. John

7

Brown, Inc., 285 So. 2d 697, 698 (Fla. 4th DCA 1973); see also Colangelo v. Stone Flex, Inc. of Fla., 551 So. 2d 565, 566 (Fla. 4th DCA 1989); C.W.B. Enters., Inc. v. K.A.T. Equip. Corp., 449 So. 2d 354, 355 (Fla. 3d DCA 1984); Gillette v. Stapleton, 336 So. 2d 1226, 1227 (Fla. 2d DCA 1976); Allied Van Lines v. McKnab, 331 So. 2d 319, 320 (Fla. 2d DCA 1976); Allstates Van Lines Corp. v. Lebenstein, 303 So. 2d 33, 34 (Fla. 3d DCA 1974); Hillside Van Lines, Inc, v. Matalon, 297 So. 2d 848, 848 (Fla. 3d DCA 1974).[4] It is equally axiomatic that the burden is on the plaintiff to establish this market value with competent, substantial evidence, see Mercury Motor Express, Inc. v. Crockett, 422 So. 2d 358, 359 (Fla. 1st DCA 1982), and an award of damages not tethered to evidence of the personal property's fair market value must be reversed. See Levy, 255 So. 3d at 497.

Landlord argues replacement costs, rather than market values, are appropriate to value the missing and damaged personal property in this case

---

[4] In Allstates and Hillside, we remanded for new trials on damages after reversing judgments awarding the plaintiffs damages for the loss of household furniture and personal belongings because the plaintiffs' only proof of value was the original purchase price for the lost or damaged property. In Levy v. Ben-Shmuel, 255 So. 3d 493, 497 (Fla. 3d DCA 2018), this Court, sitting en banc, receded from those portions of Allstates and Hillside that remanded the cases for a new trial, concluding that plaintiffs who fail to meet their evidentiary burden of establishing the correct measure of damages are not entitled to a new trial, unless the plaintiffs' failure was a result of judicial error.

because Landlord's representative was unaware of the original purchase price or precise age of the items. It was incumbent upon Landlord, however, as the plaintiff in this case seeking damages for lost and damaged household goods, to submit to the finder of fact evidence of the fair market value of similar, "used" items. Landlord presented no such evidence; hence this portion of the judgment must be reversed. Id.[5]

## IV. Conclusion

We, therefore, affirm the amended final judgment, except for that portion of the judgment awarding Landlord $2,608 for the damaged dining room chairs and $1,930.20 for the missing personal property. We remand with instructions that the trial court enter a further amended final judgment reflecting amounts not inconsistent with this opinion.

Affirmed in part; reversed in part and remanded with instructions.

---

[5] Of course, the parties could have, at the outset of the residential tenancy relationship, included in their written rental agreement a provision allowing Landlord the recovery of replacement cost damages. They did not include such a provision in the rental agreement, though, and this Court cannot, through judicial fiat, effectively rewrite the parties' rental agreement to provide one party a remedy more favorable than that which is provided by Florida's common law. See Med. Ctr. Health Plan v. Brick, 572 So. 2d 548, 551 (Fla. 1st DCA 1990) ("A party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract. It is not the role of the courts to make an otherwise valid contract more reasonable from the standpoint of one contracting party.") (citations omitted).