# Third District Court of Appeal
## State of Florida

Opinion filed April 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1747
Lower Tribunal No. 2019-26718-CA-01
_____

**Kaster Lynch Farrar & Ball, LLP, a Limited Liability Partnership,**
Appellant,

vs.

**Clyde & Co., U.S., LLP, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Lauri Waldman Ross, P.A. and Lauri Waldman Ross; Kaster, Lynch, Farrar & Ball, LLP, and Bruce R. Kaster (Ocala) and Skip E. Lynch (Ocala), for appellant.

Clyde & Co., US., LLP and Frederick J. Fein and Stephanie G. Kolman, for appellees.

Before LOGUE, C.J., and EMAS and GORDO,[1] JJ.

_____

[1] Did not participate in oral argument.

GORDO, J.

Kaster Lynch Farrar & Ball, LLP ("Kaster Law") appeals a final judgment discharging Cooper Tire & Rubber Co. ("Cooper Tire") and its counsel, Clyde & Co. ("Clyde Law"), from liability on a charging lien for its attorney's fees and costs. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We reverse.

## I.

This case arises from a wrongful death action filed by Mercina Souffrant ("Souffrant") against Cooper Tire and others. Souffrant retained Kaster Law and Santiago Asconape ("Asconape") to represent her in the action on a contingent fee basis, with Kaster Law serving as lead counsel. Before a settlement was reached, Souffrant discharged Kaster Law via written termination letter. Cooper Tire subsequently agreed to settle Souffrant's claim for $250,000. On the same day, Kaster Law filed a notice of charging lien for its attorney's fees and costs. It is undisputed that Cooper Tire and its counsel, Clyde Law, received notice of Kaster Law's charging lien.

To protect its charging lien and ensure the proper disbursement of settlement funds, Kaster Law asked Clyde Law to protect its lien when drafting the settlement documents and issuing the settlement check. Clyde

2

Law agreed and responded, in writing, that it would meet its obligations to ensure the check was drafted in the following format:

> Once all of the terms and conditions of the settlement agreement have been met and fully complied with, we will issue our settlement draft, **which shall be made payable to** 'MERCINA SOUFFRANT as Personal Representative of the ESTATE OF HEROLD SOUFFRANT, Asconape Law Group, Rubinstein Law PA, **and Kaster, Lynch Farrar & Ball LLP.**'

(emphasis added).

Asconape subsequently contacted Clyde Law and demanded that it draft the settlement check and make it "payable to the Trust Account of the Law Office of Santiago Asconape F/B/O Mercina Souffrant as PR of the Estate of Henold Souffrant." Inexplicably and without notice to Kaster Law, Clyde Law agreed and drafted the check as Asconape requested without requiring Kaster Law's endorsement. Accordingly, the check was made payable to:

> Law Office of Asconape **F/B/O** Mercina Souffrant, PR of Est. of Herold Souffrant and Kaster, Lynch, Farrar & Ball, LLP.

(emphasis added).

Asconape deposited the check without paying Kaster Law and refused to tender payment. Kaster Law then moved to enforce its charging lien.

3

Unable to collect, Kaster Law filed the underlying action for breach of contract and for equitable relief against Clyde Law, Cooper Tire and Asconape[2] for failing to protect its charging lien. Kaster Law alleged that Clyde Law had actual notice of its charging lien, held proceeds of the settlement and had, or explicitly undertook in writing, an affirmative duty to protect Kaster Law's lien interest. Kaster Law further alleged that Clyde Law explicitly agreed it would draft the check in such a manner requiring endorsements from both Asconape and Kaster Law, and it breached this duty by "improperly and/or negligently" drafting the check, which allowed Asconape to endorse the check and disburse the proceeds without regard to Kaster Law's charging lien. In response, Cooper Tire and Clyde Law argued their actions showed "full compliance with any legal duty" they may have owed and Asconape's actions were "unforeseeable" and constituted "intervening, superseding acts" for which they had no responsibility.

After a bench trial, the trial court entered final judgment in favor of Cooper Tire and Clyde Law, finding their inclusion of the lienor's name somewhere on the settlement check was sufficient to satisfy their legal obligation. Kaster Law filed a motion for rehearing, asserting that the trial

---

[2] Asconape failed to make an appearance and was later voluntarily dismissed from the action.

4

court's rulings were contrary to the law of charging liens. It argued Clyde Law impaired the lien by negligently drafting an ambiguous settlement check and it could not be relieved from responsibility simply because Kaster Law's name appeared somewhere on the check. The trial court denied the motion for rehearing. This appeal followed.

## II.

"In reviewing a final judgment rendered from a non-jury trial, the trial court's findings of fact are clothed with a presumption of correctness." La Ley Sports Complex at City of Homestead, LLC v. City of Homestead, 255 So. 3d 468, 469 (Fla. 3d DCA 2018). "We apply a clear error standard to the findings of fact, and a finding will not be disturbed unless it is totally unsupported by competent and substantial evidence, it is clearly against the weight of the evidence, or it was induced by an erroneous view of the law." Id. "We review the trial court's conclusions of law and application of law to the facts de novo." Id.

## III.

On appeal, Kaster Law argues the trial court erred in discharging Cooper Tire and Clyde Law from liability on its charging lien. In advancing this argument, Kaster Law argues the trial court misapplied controlling law on charging liens. We agree.

5

"To perfect a charging lien, the lienor-attorney need only demonstrate that he or she provided the parties to the litigation with timely notice of the interest." Geico Gen. Ins. Co. v. Steinger, Iscoe & Greene-II, P.A., 275 So. 3d 775, 777 (Fla. 3d DCA 2019). "Once the lienor provides timely notice of the interest to the parties in the litigation, the charging lien is perfected." Schurr v. Silverio & Hall, P.A., 290 So. 3d 634, 638 (Fla. 2d DCA 2020). "Such a perfected lien is 'chargeable against *any person* who, at the time notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future.'" Id. (quoting Geico, 275 So. 3d at 777).

After a charging lien is perfected, "the paying party 'ha[s] an affirmative duty to notify the [lienor] law firm of the settlement and to protect the law firm's lien interest in the settlement proceeds.'" Geico, 275 So. 3d at 777 (quoting Hall, Lamb & Hall, P.A. v. Sherlon Invs. Corp., 7 So. 3d 639, 641 (Fla. 3d DCA 2009)). This duty can be fulfilled by: (1) notifying the lienor of the settlement; (2) including the lienor on the settlement check; (3) obtaining the lienor's written waiver of its lien; or (4) obtaining a Hold Harmless agreement from the attorney receiving the funds. Id. If this duty is breached, the paying party, "along with the former client and [subsequent

counsel], may be jointly and severally liable for the [lienor] law firm's fee[.]" Hall, 7 So. 3d at 642.

Here, it is undisputed that Kaster Law timely filed its charging lien, notifying the parties of its interest in recouping the fees earned during the course of representing Souffrant. In addition, Kaster Law repeatedly called upon Cooper Tire and its counsel, Clyde Law, to protect its lien. Clyde Law agreed and assured, in writing, that the settlement check would be drafted in a format requiring endorsements from both Asconape and Kaster Law. Despite these assurances, and without notice to Kaster Law or the implementation of any safeguards to protect Kaster Law's lien interest, Clyde Law issued a settlement check with Asconape as the sole payee, which allowed him to solely endorse and cash the check. By failing to draft the check in such a manner that it could not be endorsed without Kaster Law, Cooper Tire and Clyde Law failed to protect Kaster Law's lien interest in the settlement proceeds.

In finding that Cooper Tire and Clyde Law fulfilled their affirmative duty to protect Kaster Law's charging lien by merely placing Kaster Law's name somewhere on the check, we find the trial court misapplied this Court's decision in Geico. Implicit in Geico's holding is the requirement that the paying party draft the settlement check in such a manner to protect the lienor,

7

as the paying party "ha[s] an affirmative duty to notify the [lienor] law firm of the settlement and to protect the law firm's lien interest in the settlement proceeds." Geico, 275 So. 3d at 777 (quoting Hall, 7 So. 3d at 641). Issuing the settlement check without requiring Kaster Law's endorsement failed to protect its charging lien and therefore was a breach of Cooper Tire and Clyde Law's affirmative duty. Thus, they may be held jointly and severally liable for Kaster Law's attorney's fees. See Hall, 7 So. 3d at 641-42 ("There is no question that as a party to the settlement, [paying party] had an affirmative duty to notify the law firm of the settlement and to protect the law firm's lien interest in the settlement proceeds . . . [The paying party] took no other steps to protect the law firm's interest. [The paying party] did not ask the trial court to prevent the direct payment of the law firm's fee to [subsequent counsel] and the former client or to set those funds aside. Instead, [the paying party] paid the entire settlement to the former client (through [subsequent counsel]) without providing safeguards for the law firm's lien interest. And regardless of [the paying party's] intent, by doing so, [the paying party] may have committed a fraud upon the law firm. Therefore, based upon the undisputed record, [the paying party], along with the former client and [subsequent counsel], may be jointly and severally liable for the law firm's fee as calculated in accordance with the settlement agreement."); Brown v. Vt. Mut.

8

Ins. Co., 614 So. 2d 574, 580-81 (Fla. 1st DCA 1993) ("The lien is chargeable against any person who, at the time notice of intent to claim a lien is given, holds monies or property which become proceeds of a judgment to be entered in the future. The courts will protect the attorney against settlements which are designed to defraud or otherwise defeat the payment of his fees, and any settlement made by the client after the attorney's lien has attached will not be permitted to interfere with the lien. Accordingly, if a party . . . holding such proceeds of the recovery or settlement pays it to the client with notice to or knowledge of the client's attorney who is claiming a fee and a charging lien without protecting the attorney's interests, that party . . . may nevertheless be held liable, jointly and severally with the attorney's client, for the amount of the client's attorney's fees and costs.") (internal quotation marks and citations omitted).

Accordingly, we reverse the final judgment under review and remand with instructions for the trial court to enter a judgment against Cooper Tire and Clyde Law for the amount claimed in the notice of charging lien.

Reversed and remanded with instructions.