# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2318
Lower Tribunal No. 24-135807-SP-05
_____

**Dalen Hutchison,**
Appellant,

vs.

**Edmundo Blanco,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Jacqueline Woodward, Judge.

Dalen Hutchison, in proper person.

No appearance, for appellee.

Before EMAS, LINDSEY and GOODEN, JJ.

EMAS, J.

Dalen Hutchison, the plaintiff below, appeals a final judgment in favor of the defendant below, Edmundo Blanco, following a nonjury trial on this action in small claims court. In the final judgment, the trial court found "no admissible evidence to support any of Plaintiff's claims." The judgment also stated: "Plaintiff purchased an 18 year old car with 130,000 miles on the odometer from a private individual based on an online advertisement, Plaintiff had an opportunity to inspect the vehicle, came back 2 days later and purchased the vehicle, met up with the seller two weeks later to update the bill of sale (as it was signed without the odometer amount filled out). The trial court later denied Hutchison's motion for new trial, and this appeal followed.

"In reviewing a final judgment rendered from a non-jury trial, the trial court's findings of fact are clothed with a presumption of correctness. We apply a clear error standard to the findings of fact, and a finding will not be disturbed unless it is totally unsupported by competent and substantial evidence, it is clearly against the weight of the evidence, or it was induced by an erroneous view of the law. We review the trial court's conclusions of law and application of law to the facts de novo." La Ley Sports Complex at City of Homestead, LLC v. City of Homestead, 255 So. 3d 468, 469 (Fla. 3d DCA 2018) (citations omitted); see also Fla. Sm. Cl. R. 7.230 (providing:

2

"Review of orders and judgments of the courts governed by these rules shall be prosecuted in accordance with the Florida Rules of Appellate Procedure.").

On appeal, Hutchison asserts the trial court erred in finding no admissible evidence to support his claims because the evidence he offered at trial was admissible under section 90.803, Florida Statutes, and in applying the common law concept of caveat emptor to the underlying transaction.

Because the action below proceeded in small claims court, the Florida Small Claims Rules apply. Under Florida Small Claims Rule 7.140(f), "[t]he rules of evidence applicable to trial of civil actions apply but are to be liberally construed." <u>See also</u> <u>First Class Parking Sys. LLC v. Bykov</u>, 401 So. 3d 403 (Fla. 3d DCA 2024) ("'the Florida Small Claims Rules . . . eschew the formality ordinarily associated with civil litigation, creating an open 'People's Court' in which mere technicalities 'must not obscure the greater purpose of justice for all.''" (citations omitted)).

Nevertheless, the record on appeal contains no transcript of the trial. And while Hutchison did file with this court a "Statement of Evidence or Proceedings," <u>see</u> Fla. R. App. P. 9.200(b)(5),[1] there is nothing to indicate

---

[1] Florida Rule of Appellate Procedure 9.200(b)(5) provides:

3

that this Statement was approved by the lower tribunal. See Edman v. Edman, 407 So. 3d 452 (Fla. 4th DCA 2025) (affirming where no transcript of the final hearing was contained in the record and appellant's statement of the evidence was not approved by trial court as required by Florida Rule of Appellate Procedure 9.200(b)(5), providing that, if no report of proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence, which must be filed with lower tribunal for settlement and approval, and, as settled and approved, must be included in the record by the clerk of lower tribunal); Bei v. Harper, 475 So. 2d 912, 915 (Fla. 2d DCA 1985) ("A statement of evidence under Rule 9.200(b)[(5)] may be substituted for a transcript of the proceedings only when all relevant factual disputes have been settled and the statement of evidence is approved by the trial court."); Baker v. Baker, 366 So. 2d 873, 873 (Fla. 4th DCA 1979) (where appellant's "proposed statement of facts" was never submitted to trial court

---

*Statement of Evidence or Proceedings.* If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party's recollection. The statement must be served on all other parties, who may serve objections or proposed amendments to it within 15 days of service. Thereafter, the statement and any objections or proposed amendments must be filed with the lower tribunal for settlement and approval. As settled and approved, the statement must be included by the clerk of the lower tribunal in the record.

4

for approval as required by rule 9.200(b), it could not be considered by the appellate court).

Based on our standard of review, and in the absence of a trial transcript or approved statement of the evidence or proceedings, Hutchison cannot sustain his burden of establishing that the trial court committed reversible error in its rulings during the trial or its factual findings in the final judgment. In light of this, and finding no plain error on the face of the judgment, we must affirm. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Affirmed.